Paul H. Duvall (SBN 73699)
E-Mail: pduvall@kingballow.com
**KING & BALLOW**
6540 Lusk Blvd., Suite 250
San Diego, CA 92121
(858) 597-6000  Facsimile: (858) 597-6008

Mark L. Block (SBN 115457)
E-Mail: mblock@wargofrench.com
**WARGO & FRENCH LLP**
1888 Century Park East
Suite 1520
Los Angeles, CA 90067
(310) 853-6355  Facsimile: (310) 853-6333

Attorneys for Defendant Shep Pettibone

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VMG SALSOUL, LLC, a Delaware limited liability company,<br><br>       Plaintiff,<br><br>    vs.<br><br>MADONNA LOUISE CICCONE, professionally known as MADONNA, an individual; SHEP PETTIBONE, an individual; WB MUSIC CORPORATION, a Delaware corporation; BLUE DISQUE MUSIC COMPANY, INC., a corporation; WEBO GIRL PUBLISHING, INC.,  a California corporation; LEXOR MUSIC, INC., a New York corporation; and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No. CV 12-5967-SVW(FMOx)<br><br>**(1)      NOTICE OF MOTION AND DEFENDANT SHEP PETTIBONE'S MOTION TO DISMISS PURSUANT TO FED R. CIV. P 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>**(2)      MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date: November 19, 2012<br>Time: 1:30 p.m.<br>Judge: Steven V. Wilson<br>Courtroom: 6-2nd Floor** |

## NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED R. CIV. P 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on November 19, 2012, at 1:30 p.m. or as soon thereafter as the matter can be heard, in the Courtroom of the Hon. Steven V. Wilson, located at 312 N. Spring Street, Los Angeles, California, Courtroom 6-2nd Floor, Defendant Robert Pettibone a/k/a Shep Pettibone ("Pettibone") will, and hereby does, move the Court for an order dismissing Plaintiff's Complaint for failure to state a claim upon which relief can granted. In an attempt to circumvent the Copyright Act's three-year statute of limitations for copyright infringement claims, Plaintiff VMG Salsoul, LLC ("VMG") has claimed the allegedly infringing portion of "Vogue" was undetectable until certain technology was available to it in 2011. Accordingly, this motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6), and is made on the grounds that (1) Plaintiff has conceded the alleged copying, if indeed it occurred, was de minimis, as an ordinary observer cannot detect it, and therefore, is not substantial enough to sustain an action for copyright infringement; and (2) likewise, as the alleged copying is undetectable to the ordinary reasonable observer, it is impossible the two works at issue are substantially similar. In the alternative, Pettibone respectfully requests that the Court limit VMG's copyright infringement claim to the statutory three year period pursuant to 17 U.S.C. § 507(b).

The Motion will be based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Paul H. Duvall, any reply papers submitted in support of this motion, oral argument of counsel at the hearing on this Motion, the complete files and records in this action, and such additional matters as the Court may consider.

1
2
3

      This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on September 26, 2012.

4
5

DATED:  October 9, 2012              Respectfully submitted,

6
7

PAUL H. DUVALL
KING & BALLOW

8
9

By: _____ /s/ Paul H. Duvall _____
             PAUL H. DUVALL

10

Attorney for Defendant Shep Pettibone

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT SHEP PETTIBONE'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(6)

# TABLE OF CONTENTS

I.  TABLE OF AUTHORITIES .................................................................................. ii

II.  INTRODUCTION ............................................................................................ 1

III.  FACTUAL BACKGROUND ............................................................................ 2

IV.  APPLICABLE LEGAL STANDARD .............................................................. 3

V.  ARGUMENT .................................................................................................. 5

    A. VMG's Complaint Should be Dismissed as VMG Concedes the Alleged Copying is De Minimis .................................................................................. 6

    B. VMG's Infringement Claim also Fails to Meet the Substantial Similarity Standard ............................................................................................................ 9

    C. In the Alternative, the Court Should Limit VMG's Copyright Infringement Claim to the Statutory Three Year Period ........................................... 10

VI.  CONCLUSION ............................................................................................ 12

- i -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SHEP PETTIBONE'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

1

## **TABLE OF AUTHORITIES**

2

3

**CASES**

4
5
*Anderson v. Clow (In re Stac Elecs. Sec. Litig.),*
    89 F.3d 1399 (9th Cir. 1996)..........................................................................4

6
7
*Ashcroft v. Iqbal,*
    129 S. Ct. 1937 (2009) ...............................................................................3

8
9
*Baxter v. Curtis Indus., Inc.,*
    201 F. Supp. 100 (N.D. Ohio 1962) .........................................................11

10
11
*Baxter v. MCA, Inc.,*
    812 F.2d 421(9th Cir. 1987)........................................................................7

12
13
*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ...........................................................................3, 12

14
15
*Benjamin v. Walt Disney Co.,*
    2007 U.S. Dist. LEXIS 91710 (C.D. Cal. June 5, 2007) ........................11

16
17
*Bradbury v. Columbia Broad. Sys., Inc.,*
    287 F.2d 478 (9th Cir. 1961)......................................................................9

18
19
*Carew v. R. K. O. Radio Pictures, Inc.,*
    43 F. Supp. 199 (D. Cal. 1942) ..................................................................7

20
21
*Cavalier v. Random House, Inc.,*
    297 F.3d 815 (9th Cir. 2002)...................................................................6, 9

22
23
*Christianson v. West Pub. Co.,*
    149 F.2d 202 (9th Cir. 1945)......................................................................4

24
25
*Coalition for ICANN Transparency, Inc. v. VeriSign, Inc.,*
    611 F.3d 495 (9th Cir. 2010).......................................................................3

26
27
*Fahmy v. Jay-Z,*
    835 F. Supp. 2d 783 (C.D. Cal. 2011)..................................................10, 11

28

*Feist Pubs., Inc. v. Rural Tel. Serv. Co.,*
    499 U.S. 340 (1991) ....................................................................................5

*Fisher v. Dees,*
    794 F.2d 432 (9th Cir. 1986)......................................................................6

*Funky Films, Inc. v. Time Warner Entm't Co.,*
    462 F.3d 1072 (9th Cir. 2006).................................................................5, 9

*Harold Lloyd Corp. v. Witwer,*
    65 F.2d 1 (9th Cir. 1933)............................................................................5

*L.A. Printex Indus. v. Aeropostale, Inc.,* 2012 U.S. App. LEXIS 12033 (9th Cir. Cal.
    June 13, 2012)............................................................................................9

*Lake v. Columbia Broadcasting System, Inc.,*
    140 F. Supp. 707 (D. Cal. 1956)...............................................................4

*Laureyssens v. Idea Group, Inc.,*
    964 F.2d 131 (2d Cir. 1992).......................................................................6

*Lowenfels v. Nathan,*
    2 F. Supp. 73 (D.N.Y. 1932)......................................................................4

*Marder v. Lopez,*
    450 F.3d 445 (9th Cir. 2006)......................................................................4

*Newton v. Diamond,*
    388 F.3d 1189 (9th Cir. 2004)................................................................5-6

*Ornstein v. Paramount Productions, Inc.,*
    9 F. Supp. 896 (D.N.Y. 1935)....................................................................4

*Ringgold v. Black Entm't TV,*
    126 F.3d 70 (2d Cir. 1997).......................................................................5, 6

*Roley v. New World Pictures,*
    19 F.3d 479 (9th Cir. 1994).......................................................................11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SHEP PETTIBONE'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

*Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.,*
    562 F.2d 1157 (9th Cir. 1977)...................................................................... 7-8

*Smith v. Jackson,*
    84 F.3d 1213 (9th Cir. 1996) ............................................................................ 9

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001) ............................................................................ 3

*Thomas v. Walt Disney Co.,*
    337 Fed. Appx. 694 (9th Cir. 2009) ............................................................ 4, 9

*Van Camp Sea Food Co. v. Westgate Sea Products Co.,*
    279 U.S. 841 (1929) ......................................................................................... 4

*Watermark Publrs. v. High Tech. Sys.,*
    1997 U.S. Dist. LEXIS 22512 (S.D. Cal. June 18, 1997)............................... 10

*West Publ'g Co. v. Edward Thompson Co.,* 169 F. 833 (E.D.N.Y. 1909)...................... 6

**FEDERAL RULES**

Federal Rule of Civil Procedure 12(b)(6) ............................................................... *infra*

**STATUTES**

17 U.S.C. § 507 ....................................................................................................... *infra*

## I. INTRODUCTION

Defendant Robert Pettibone a/k/a Shep Pettibone ("Pettibone"), respectfully requests that the Court dismiss this lawsuit pursuant to Fed. R. Civ. P. Rule 12(b)(6), on the basis of Plaintiff VMG Salsoul, LLC's ("VMG") failure to state a claim upon which relief can be granted. In the alternative, Pettibone moves to limit VMG's copyright infringement claim to the statutory three year period, pursuant to 17 U.S.C. § 507 ("No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued.").

In an attempt to circumvent the Copyright Act's three-year statute of limitations for infringement claims, Plaintiff VMG Salsoul, LLC ("VMG") has claimed the allegedly infringing portion of "Vogue" was undetectable until certain unidentified technology was available to it in 2011. As VMG admits, since its creation in 1990, "Vogue" has made many "top ten" lists of the best dance songs of the nineties, and has been deemed Madonna's best dance song she ever recorded. Despite Vogue's notoriety, VMG brings this action for copyright infringement, *twenty-two* years after its release, and, in an attempt to plead an excuse for not discovering the alleged copying until 2011, has admitted that the allegedly infringing portion *cannot* be heard by an ordinary observer. Courts are given broad discretion to review the subject works themselves, even at the motion to dismiss stage, and determine, as a matter of law, that infringement has not occurred. As discussed herein, VMG has conceded the alleged copying, if

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SHEP PETTIBONE'S MOTION TO DISMISS

indeed it occurred (which Pettibone adamantly denies), was de minimis, as an ordinary observer cannot detect it, and, therefore, is not substantial enough to sustain an action for copyright infringement. Further, as the alleged copying is undetectable to the ordinary reasonable observer, it is impossible the works are substantially similar. Accordingly, the Complaint should be dismissed.

## II.    FACTUAL BACKGROUND

Plaintiff VMG claims to be the owner of the copyright in the composition and sound recording entitled "Chicago Bus Stop (Ooh, I Love It) a/k/a (Love Break)," (referred to hereafter as "Love Break"). Compl. at ¶ 12-13. VMG alleges that Pettibone, together with Defendant Madonna Louise Ciccone, p/k/a "Madonna," created the sound recording "Vogue" in or about 1990. Compl. at ¶ 14-15.  As VMG admits, since its creation in 1990, "Vogue" has made many "top ten" lists of the best dance songs of the nineties, and as VMG claims, "has been called possibly the most perfect dance song Madonna, the most successful dance music artist of all time, has ever recorded." Compl. at ¶ 17 and ¶ 26.

In VMG's Complaint, brought *twenty-two* years after the release of the allegedly infringing "Vogue," VMG alleges that "Vogue" infringes on the composition "Love Break" because "Vogue" allegedly contains portions of "Love Break." Compl. at ¶ 19. Specifically, VMG claims "the horn and strings in 'Vogue' are intentionally sampled from "Love Break" throughout. *Id.* VMG further alleges that the purportedly copied

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SHEP PETTIBONE'S MOTION TO DISMISS

portions of "Love Break" were "deliberately hidden" and were only detected when "VMG specifically looked for the sample, with the technology available to it in 2011." Compl. at ¶ 23.

## III.   APPLICABLE LEGAL STANDARD

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires more than simply pleading "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. Rather, "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (citing *Twombly,* 550 U.S. at 556). Where the complaint fails to plead facts which make defendant's liability sufficiently plausible, it must be dismissed. *Twombly*, 550 U.S. at 570. Although the material facts alleged in the complaint must be construed in the plaintiff's favor, *Coalition for ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir. 2010), "the court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001). Nor is the court required to accept as true allegations that are contradicted by documents incorporated into the complaint or properly subject to judicial notice. *Id.*

Finally, in a copyright infringement case, it is permissible for a district court to make a determination of non-infringement on a Rule 12(b)(6) motion to dismiss. "There is ample authority for holding that when the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss." *Christianson v. West Pub. Co.*, 149 F.2d 202, 203 (9th Cir. 1945) (citing *Van Camp Sea Food Co. v. Westgate Sea Products Co.*, 279 U.S. 841 (1929), certiorari denied, *Ornstein v. Paramount Productions, Inc.*, 9 F. Supp. 896 (D.N.Y. 1935), *Lowenfels v. Nathan*, 2 F. Supp. 73 (D.N.Y. 1932)); *see also Lake v. Columbia Broad. Sys., Inc.*, 140 F. Supp. 707, 708 (D. Cal. 1956).

Here, although VMG did not attach the recordings of "Love Break" or "Vogue" to the Complaint, both recordings are being lodged herewith as Exhibit A. See Declaration of Paul H. Duvall (Duvall Decl.) at ¶ 2, and therefore may be considered in ruling on a Rule 12(b)(6) motion to dismiss. *See Thomas v. Walt Disney Co.*, 337 Fed. Appx. 694, 695 (9th Cir. 2009) (quoting *Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399 (9th Cir. 1996) ("Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.") (internal quotation marks and brackets omitted)). In addition, VMG's Complaint "necessarily relies" on the recordings of "Love Break" or "Vogue." *See Marder v. Lopez*, 450 F.3d

445, 448 (9th Cir. 2006) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."). VMG's Complaint not only "necessarily relies" on the sound recordings of "Love Break" and "Vogue," being lodged herewith as Exhibit A, but VMG also attached the copyright registrations to the sound recordings as exhibits to its Complaint. *See* Compl. at Ex. B and Ex. C. Further, the correspondence attached to the Complaint as Exhibits D and E specifically discusses and references the subject sounds recordings as well.

## IV.  ARGUMENT

To prevail on a claim for copyright infringement, a plaintiff must establish "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006) (quoting *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)). "A copy is that which ordinary observation would cause to be recognized as having been taken from or the reproduction of another. *Harold Lloyd Corp. v. Witwer*, 65 F.2d 1, 19 (9th Cir. 1933). Further, "[f]or an unauthorized use of a copyrighted work to be actionable, the use must be significant enough to constitute infringement." *Newton v. Diamond*, 388 F.3d 1189, 1192-1193 (9th Cir. 2004) (citing *Ringgold v. Black Entm't TV*, 126 F.3d 70, 74-75 (2d Cir. 1997)).

"This means that even where the fact of copying is conceded, no legal consequences will follow from that fact unless the copying is substantial." *Id.* (citing *Laureyssens v. Idea Group, Inc.*, 964 F.2d 131, 140 (2d Cir. 1992)); 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13.03[A], at 13-30.2. "The principle that trivial copying does not constitute actionable infringement has long been a part of copyright law. Indeed, as Judge Learned Hand observed over 80 years ago: 'Even where there is some copying, that fact is not conclusive of infringement. Some copying is permitted. In addition to copying, it must be shown that this has been done to an unfair extent.'" *Id.* (quoting *West Publ'g Co. v. Edward Thompson Co.*, 169 F. 833, 861 (E.D.N.Y. 1909)). This principle reflects the legal maxim, de minimis non curat lex (often rendered as, "the law does not concern itself with trifles"). *Id.* (citing *Ringgold*, 126 F.3d at 74-75).

### A. VMG's Complaint Should be Dismissed as VMG Concedes the Alleged Copying is De Minimis

"A leading case on de minimis infringement in [the Ninth] circuit is *Fisher v. Dees*, 794 F.2d 432 (9th Cir. 1986), where we observed that a use is de minimis only if the average audience would not recognize the appropriation." *Newton*, 388 F.3d at 1193. "This observation reflects the relationship between the de minimis maxim and the general test for substantial similarity, which also looks to the response of the average audience, or ordinary observer, to determine whether a use is infringing. *Id.* (citing *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002)). "To say that a use is de minimis because no audience would recognize the appropriation is thus to say that

the use is not sufficiently significant." *Id*. Here, VMG concedes itself that the alleged copied portions of "Love Break" are so unrecognizable, that it was undetectable until, allegedly, certain unidentified technology became available to VMG in 2011. Compl. at ¶ 23. Therefore, VMG has conceded the alleged copying, assuming arguendo it actually occurred, which is denied, is de minimis, and thus not actionable.

The Ninth Circuit in *Newton*, noted the relationship between the de minimis maxim and the general test for substantial similarity, noting that for both, the court looks to the response of the average audience, or ordinary observer, to determine whether a use is infringing. "The courts have said that, ultimately, it is not the dissection to which a musical composition might be submitted under the microscopic eye of a musician which is the criterion of similarity, but the impression which the pirated song or phrase would carry to the average ear." *Carew v. R. K. O. Radio Pictures, Inc.*, 43 F. Supp. 199, 200-01 (D. Cal. 1942) (defendant's motion to dismiss was granted because the court found that no substantial part of the alleged infringing musical work could be traced to, and discerned by, the ordinary listener to plaintiff's composition). "The test to be applied has been labeled an "intrinsic" one by this Court in that it depends not upon external criteria, but instead upon the response of the ordinary reasonable person to the works. *Baxter v. MCA, Inc.*, 812 F.2d 421, 424 (9th Cir. 1987) (citing *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157 (9th Cir. 1977)).

Moreover, "'[a]nalytic dissection' and expert testimony are not called for; the gauge of substantial similarity is the response of the ordinary lay hearer." *Id.*

Here, VMG has conceded the fact that the alleged copying is not detectable by the "ordinary listener" and therefore it would be impossible for an ordinary, reasonable person to detect, much less conclude that the alleged copied portions of "Love Break" are substantial enough to constitute infringement. Further, as noted above, analytic dissection and expert testimony are unnecessary and irrelevant. In VMG's Complaint, VMG alleges that "the horn and strings in Vogue are intentionally sampled from "Love Break" throughout. Compl. at ¶ 19. However, VMG further alleges that the copying of the "horn and strings" was only allegedly detectable to VMG when certain technology became available to it in 2011. Compl. at ¶ 23. Also, in VMG's own words, the allegedly copied "horn and strings" are "hidden." Compl. at ¶ 23. Thus, as alleged by VMG, it is impossible for the ordinary observer to detect the alleged copying. Indeed, it is because of this impossibility, that VMG alleges it was unable to bring this lawsuit until now, twenty-two years after the release of "Vogue." Accordingly, even assuming for argument purposes that the horn and strings are copied from "Love Break" into "Vogue," which again is denied, the alleged copying is de minimis and insufficient to state a claim for infringement. For that reason, VMG's Complaint must be dismissed.

/

/

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## B. VMG's Infringement Claim also Fails to Meet the Substantial Similarity Standard

Absent evidence of direct copying, proof of infringement involves a showing that the two works are substantially similar. *Thomas*, 337 Fed. Appx. at 694-695. VMG's Complaint should be dismissed because VMG's claim of infringement also fails to meet the substantial similarity standard. "[S]ubstantial similarity may be decided as a matter of law." *Id.* (quoting *Funky Films, Inc.*, 462 F.3d at 1076).

"The test of infringement is whether the work is recognizable by an ordinary observer as having been taken from the copyrighted source." *Bradbury v. Columbia Broadcasting System, Inc.*, 287 F.2d 478, 485 (9th Cir. 1961). "To determine whether two works are substantially similar, we apply a two-part test." *L.A. Printex Indus. v. Aeropostale, Inc.*, 2012 U.S. App. LEXIS 12033 (9th Cir. Cal. June 13, 2012) (Duvall Decl. Ex. B) (citing *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996)). "The 'extrinsic test' is an 'objective comparison of specific expressive elements'; it focuses on the 'articulable similarities' between the two works. *Id.* (citing *Cavalier*, 297 F.3d at 822)). "The 'intrinsic test' is a subjective comparison that focuses on 'whether the ordinary, reasonable audience' would find the works substantially similar in the 'total concept and feel of the works.'" *Id.* (internal quotations omitted).

Because VMG concedes the only possible infringing part of "Vogue" is the allegedly sampled horn and strings from "Love Break," it is impossible that an "ordinary reasonable audience" would find "Vogue" and "Love Break" substantially

similar in the "total concept and feel of the works." A finding of substantial similarity is especially unfeasible considering the fact that, as VMG also concedes, the allegedly infringing sample is only supposedly detectable by using unidentified technology that became available only last year. Certainly then, because it is impossible for the ordinary reasonable audience, or ordinary observer, to detect the alleged copying, it is also impossible for such persons to find substantial similarity between the two works. Accordingly, VMG's Complaint should be dismissed.

## C. In the Alternative, the Court Should Limit VMG's Copyright Infringement Claim to the Statutory Three Year Period

The general rule is that claims for copyright infringement must be brought within three years after the alleged infringement occurred. The Copyright Act's statute of limitations provides: "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). In the Ninth Circuit, a plaintiff is only entitled to damages for infringing acts that occurred in the three years preceding the filing of the complaint. *See, e.g., Fahmy v. Jay-Z*, 835 F. Supp. 2d 783, 835 (C.D. Cal. 2011). *See also Watermark Publrs. v. High Tech. Sys.*, 1997 U.S. Dist. LEXIS 22512, 16-17 (S.D. Cal. June 18, 1997) (Duvall Decl. Ex. C) ("It is the position of the Ninth Circuit, and the prevailing view, that § 507(b) bars recovery of damages for claims that accrued more than three years before commencement of suit."). Similarly, in a case of continuing copyright infringements, an action may be brought only for those acts that accrued within the three years preceding

1   the filing of the suit. *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481-482 (9th Cir.

2   1994) (citing *Baxter v. Curtis Indus., Inc.*, 201 F. Supp. 100, 101 (N.D. Ohio 1962)).

3

4       The three years begins to accrue from the time the plaintiff knows or should have

5   known of the infringement. "A claim for copyright infringement 'accrues when one has

6   knowledge of a violation or is chargeable with such knowledge.'" *Fahmy*, 835 F. Supp.

7   2d at 787-788 (quoting *Roley*, 19 F.3d at 481). "The uniform California rule is that a

8

9   limitations period dependent on discovery of the cause of action begins to run no later

10  than the time the plaintiff learns, or should have learned, the facts essential to his claim,

11  and therefore it is irrelevant that the plaintiff is ignorant of his legal remedy or the legal

12

13  theories underlying his cause of action." *Id.* (internal citations omitted).

14      VMG's bald allegation that it was somehow unable to detect the alleged

15

16  infringement until it specifically looked for the alleged sample, with the technology that

17  did not become available until 2011, does not come close to pleading facts necessary to

18

19  avoid the Copyright Act's three year statute of limitations. *See Benjamin v. Walt Disney

20  Co.*, 2007 U.S. Dist. LEXIS 91710 (C.D. Cal. June 5, 2007) (Duvall Decl. Ex. D)

21  (Plaintiff's delayed discovery claim failed because plaintiff failed to explain *how*

22

23  defendant concealed its infringement, when the work was released nationwide and run

24  on network television in advance of release). VMG does not plead what this supposed

25  new technology involved, why earlier existing technology was insufficient, or how this

26

27  alleged new technology allowed it to supposedly detect the alleged use of the sample.

28

VMG also does not plead why it only began to look for the alleged sample in 2011 when VMG admits that "Vogue" is an iconic world famous song that has been played in every venue imaginable for twenty-two years. This conclusory pleading, transparently attempting to avoid the three year statute of limitations, must fail. *Bell Atl. Corp.* 550 U.S. at 570.

Therefore, even if VMG's copyright infringement claim against Pettitbone is viable (which it is not for the reasons stated herein), VMG nevertheless would not be able to state a claim for alleged infringements that took place before July 11, 2009. Accordingly, in the event the Court does not grant Pettibone's Motion to Dismiss outright, which respectfully it should, Pettibone requests that the Court limit VMG's claim for copyright infringement to alleged infringements that took place between July 11, 2009 and the filing of VMG's Complaint on July 11, 2012.

## V.   CONCLUSION

For the reasons set forth herein, Defendant Pettibone respectfully requests that the Court grant his Motion to Dismiss for VMG's failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. Rule 12(b)(6). VMG's Complaint should be dismissed in its entirety without leave to amend because VMG has conceded the alleged copying is not recognizable to the average audience and therefore is de minimis and not sufficiently significant to sustain an action for copyright infringement. In the alternative,

1  Pettibone respectfully requests the Court limit VMG's copyright infringement claim to

2  the statutory three year period.

3

4  DATED: October 9, 2012                    Respectfully submitted,

5

6                                            PAUL H. DUVALL
                                             KING & BALLOW
7

8                                            By: _____/s/ Paul H. Duvall_____
                                                      PAUL H. DUVALL
9

10                                           Attorney for  Defendant Shep Pettibone

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28