1  Robert S. Besser, State Bar No. 46541
   Christopher Chapin, State Bar No. 112608
2  LAW OFFICES OF ROBERT S. BESSER
   1221 Second Street   Suite 300
3  Santa Monica, California 90401
   TEL: (310) 394-6611
4  FAX: (310) 394-6613
   rsbesser@aol.com
5  christopherchapin@aol.com

6  Attorneys for Plaintiff
   VMG SALSOUL, LLC
7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11 VMG SALSOUL, LLC, a Delaware          Case No. CV12-05967 SVW (FMOx)
   limited liability company,            Honorable Stephen Wilson
12
              Plaintiff,
13 vs.                                    MEMORANDUM OF POINTS AND
                                          AUTHORITIES IN OPPOSITION TO
14 MADONNA LOUISE CICCONE,                SHEP PETTIBONE'S MOTION TO
   professionally known as MADONNA, an   DISMISS FOR FAILURE TO STATE A
15 individual; SHEP PETTIBONE, an individual, CLAIM PURSUANT TO *Fed.R.Civ.Pro.*,
   WB MUSIC CORPORATION, a Delaware      *Rule* 12(b)(6)
16 corporation;  BLUE DISQUE MUSIC
   COMPANY, INC., a corporation; WEBO GIRL
17 PUBLISHING, INC., a California corporation;
   LEXOR MUSIC, INC., a New York
18 corporation; and DOES 1 through 10,
   inclusive,
19
              Defendants.                 Date:    November 19, 2012
20 _____/     Time:    1:30 p.m.
                                          Ctrm:    6
21                                                 Second Floor
                                                   Spring Street
22

23

24

25

26

27
   ─────────────────────────────────────────────────────────
28 MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS
   CASE NO. 12CV05967 SVW

1

TABLE OF CONTENTS

2  Table of Authorities    ii

3  I.   INTRODUCTION    1

4  II.  PLAINTIFF HAS ADEQUATELY PLEADED A
         CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT    5

5

6  III.  DEFENDANT HAS NOT AND CANNOT ESTABLISH
         THAT HIS COPYING WAS *DE MINIMUS*    6

7  IV.  IT IS NOT NECESSARY THAT VMG PLEAD OR PROVE
         SUBSTANTIAL SIMILARITY BECAUSE ACTUAL COPYING
8      CAN BE PROVEN DIRECTLY AND HAS BEEN
         ADMITTED FOR THE PURPOSE OF THIS MOTION    8

9  V.   WHETHER THE COPYRIGHT CLAIM IS TIME BARRED TO
         ANY EXTENT IS A QUESTION OF FACT AND THE FACTS
10     ARE IN DISPUTE    9

11  VI.  CONCLUSION    9

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-i-

27

Table of Authorities

Cases

*Art Attacks Ink LLC v. MGA Entertainment*,
    2007 U.S. Dist. LEXIS 48254 (D. So. Cal. 2007)                    8

*Funky Films, Inc. v. Time Warner Entertainment Co.*,
    462 F.3d 1072 (9th Cir. 2006)                                     8

*Harper & Row Publishers, Inc. v. Nation Enterprises*,
    471 U.S. 539, 85 L.Ed.2d 588, 105 S.Ct. 2218 (1985)              6

*Lyons Partnership, L.P. v. Morris Costumes, Inc.*,
    243 F.3d 789 (4th Cir. 2001)                                      8

*Maverick Recording Company v. Goldshteyn*,
    2006 U.S. Dist. LEXIS 52422 (E.D.N.Y. 2006)                       5

*Mayo Clinic v. Elkin*,
    2012 U.S. Dist. LEXIS 136667 (D. Minn. 2010)                      8

*Narell v. Freeman*,
    872 F.2d 907 (9th Cir. 1989)                                      9

*Neal Publications v. F&W Publications*,
    307 F. Supp.2d 928 (N.D. Ohio 2004)                               8

*Norse v. Henry Holt & Co.*,
    991 F.2d 563 (9Th Cir. 1993)                                      6

*Palmetto Builders v. Unireal, Inc.*,
    342 F. Supp.2d 468 (D. So. Carolina  2004)                        8

*Polar Bear Productions v. Timex Corp.*,
    384 F.3d 700 (9th Cir. 2004)                                      9

*Range Road Music, Inc. v. East Coast Foods*,
    668 F.3d 1148 (9th Cir. 2012)                                     8

*Reebok International v. Jemmett*,
    1990 U.S. Dist.  LEXIS 18519 (D. So. Cal. 1990)                   7

*Roley v. New World Pictures*,
    19 F.3d 479 (9th Cir. 1994)                                       9

*Sanders v. Kennedy*,
    794 F.2d 478 (9th Cir. 1986)                                      5

*Sid & Marty Kroft Television Productions, Inc. v. McDonald's Corp.*,
    562 F.2d 1157 (9th Cir. 1977)                                     8

-ii-

Table of Authorities
(Continued)

*Stewart v. Abend*,
    495 U.S. 207, 109 L.Ed.2d 184, 110 S.Ct. 1750 (1990)                6


<u>Statutes</u>

17 U.S.C. §101, *et seq.*                                                 1

17 U.S.C. §107(3)                                                         7

17 U.S.C. §114(b)                                                         1

17 U.S.C. §115                                                            3

Federal Rules of Civil Procedure, Rule 8                                  5

Federal Rules of Civil Procedure, Rule 12(b)(6)                           5

-iii-

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS
CASE NO. 12CV05967

I.      INTRODUCTION

Plaintiff VMG Salsoul, LLC ("VMG") has alleged facts which, when proven, will establish liability for wilful copyright infringement of two distinct copyrights.  As Defendant concedes (See, Defendant's Memorandum in Support of Motion to Dismiss, p. 5, ll. 15-17), the two elements necessary to support a claim of copyright infringement are ownership of a valid copyright (in this case two copyrights, one in the sound recording and one in the composition) and unauthorized copying by the Defendant.

Defendant cannot and does not attempt to dispute that VMG is the (assigned) owner of a valid copyright in the song entitled "Chicago Bus Stop (Ooh, I Love It)(Love Break)." Complaint, ¶¶ 12-13.  Neither can Defendant dispute that the element of copying is properly pleaded.  That is why Defendant has conceded copying on this motion.

Although the Copyright Act (17 U.S.C. §101, *et seq.*) places limits on the protections afforded owners of sound recording copyrights, the copying alleged to have been engaged in by Defendant is absolutely forbidden:

> The exclusive right of the owner of copyright in a sound recording
> under clause (1) of section 106 [the right to make copies] is limited to the right
> to duplicate the sound recording in the form or phonorecords or copies that
> directly or indirectly recapture the actual sound fixed in the recording.  17
> U.S.C. § 114(b).

VMG alleges that Defendant Shep Pettibone ("Defendant or Pettibone") intentionally violated this specific limited right by copying the sound recording of "Love Break" directly into his computer music program and then choosing and including portions of "Love Break" in the sound recording he and Madonna called "Vogue."  Specifically, Pettibone used the horn part (consisting of single and double hits) that appear throughout Plaintiff's sound recording at structurally important moments in "Vogue."

Pettibone knew "Love Break" well since, as alleged at ¶ 20 of the Complaint, he mixed and remixed "Love Break" for Salsoul Records, VMG's predecessor-in-interest

-1-

1   ("Salsoul").

2       In support of his motion to dismiss, Pettibone has ascribed to Plaintiff allegations

3   that it simply has not made.[1]

4       The Complaint alleges facts which constitute a complete, clear and clean copyright

5   infringement cause of action.  Defendant's focus on a few words, taken out of context and

6   then "paraphrased" in ways that were never intended, does not take away from what the

7   Complaint actually says:

8           19.    The portions of "Love Break, which have been copied into

9   Vogue and all its various "mixes," "remixes," videos, YouTube versions, etc.,

10   are _numerous but intentionally hidden_.  The horn and strings in Vogue are

11   _intentionally sampled_ from "Love Break" throughout.

12           20.    Pettibone was hired by Salsoul Records, VMG's predecessor in

13   interest, to remix various songs and in fact mixed and remixed "Love Break"

14   for the Salsoul Orchestra before he worked on "Vogue."

15           21.    Plaintiff is informed and believes that Pettibone _intentionally_

16   _disguised the sampling_ he did in "Vogue" and then, when confronted with

17   VMG's assertion of infringement, denied that he had done so.

18           23.    . . . The unauthorized sampling was _deliberately hidden_ by

19   Defendants within "Vogue" so as _to avoid detection_.  It was only when VMG

20   specifically looked for the sample, with the technology available to it in 2011,

21   that _the sampling could be confirmed_.

22           25.    Defendants, and each of them, have infringed the copyright in

23   the sound recording of "Love Break" by incorporating it into the song "Vogue"

24   (sampled) without authorization.  Defendants have published, manufactured,

---

26   [1] Defendants Madonna Louise Ciccone, WB Music Corp., and Webo Girl
27   Publishing, Inc. have joined in this Motion to Dismiss by Defendant Shep Pettibone.  It
     should be noted that WB Music is not entitled to join because it has already filed an
28   answer. See, _FRCP_, Rule 12.

-2-

1    distributed, sold and licensed copies of Vogue, as well as ll of its remixes,

2    extended or rearranged versions, *incorporating substantial portions* of "Love

3    Break." Defendants never paid VMG, nor secured the authorization for the

4    use of "Love Break" in "Vogue."

5    [Emphasis added.]

6    Defendant says that by these allegations Plaintiff concedes that the portions of the

7    sound recording and of the composition[2] of "Love Break" that Pettibone has admitted using

8    without permission are "*de minimus*" as a matter of law. This is not true.

9    What Plaintiff meant to, and did in fact convey, was that Pettibone integrated the

10   sampled music from Love Break in such a way that *the fact that it was sampled* was

11   disguised, not that the sounds and music of Plaintiff's sound recording itself were somehow

12   hidden.

13   Defendant had the right, under Section 114(b) of the Copyright Act, to recreate or

14   imitate the sounds on Plaintiff's sound recording without violating Plaintiff's sound

15   recording copyright:

16   The exclusive rights of the owner of copyright in a sound recording . . .

17   *do not* extend to the making or duplication of another sound recording that

18   consists entirely of independent fixation of other sounds, even though such

19   sounds imitate or simulate those in the copyrighted sound recording.

20   17 U.S.C. 114(b).

21   Defendant chose not to do so. Instead Defendant used the actual sounds of

---

22

23   [2] Plaintiff has sued on two copyrights – one for the sound recording and one for the
     composition. In the normal course of business (and by statute), if one covers a

24   composition (records the composition in one's own style), one pays money to the publisher
     or administrator of the composition copyright. The current statutory rate for a so-called

25   "compulsory mechanical license" under 17 U .S.C. §115 is "9.1 cents or 1.75 cents per
     minute of playing time or fraction thereof, whichever is greater." As alleged, Defendants

26   never obtained a license, compulsory or negotiated, for use of the composition. This
     constitutes a separate infringement which has been adequately pleaded. See, Complaint,

27   ¶ 12, Prayer for Relief Number 1 and Exhibit A.

28

-3-

1   Plaintiff's recording because they were of a specific sonic quality which he could not have

2   reproduced.  The use Defendant made of the samples is obviously important to Vogue.

3   Otherwise, Defendant would not have sampled.

4          The allegations that Defendant claims constitute "admissions" by VMG, were made

5   to explain why Plaintiff's *predecessor-in-interest* did not discover the copying.  VMG

6   acquired the copyright in the sound recording and the composition of "Love Break" from

7   Salsoul in early 2011.  Thereafter, VMG analyzed both the Vogue recording and the Love

8   Break recording, located eye witnesses to the copying and placed Defendants on notice of

9   their copyright infringement.

10         VMG has alleged that the misappropriated materials *form the structure of the song*

11   *"Vogue,"* as set forth in the opinion of Dr. Alexander Stewart, musicologist, which is

12   attached to and incorporated into the Complaint at Exhibit D.[3]

13         These issues require a full adversary, evidentiary hearing.  The Court should not, at

14   this early stage, make a finding of an ultimate fact that goes beyond and behind the facts

15   alleged in the Complaint.

16         In support of his motion, Pettibone has submitted to this Court *his* choice of:  One of

17   five versions of "Love Break;" one version of "Chicago Bus Stop" (all performed by the

18   Salsoul Orchestra);[4] and one of about twelve (12) versions of "Vogue" performed by

19   Madonna which are currently available on AmazonMP3.com.  VMG contends that both the

20   sound recording and composition of "Love Break" were sampled widely in various media,

21   including on YouTube as a music video.  Complaint, ¶18,19.  Pettibone cannot simply pick

22   two particular sound recordings and ask the Court to compare them.

23

24   _____

25         [3]  Since all reasonable facts alleged (and incorporated) in a complaint are taken as
     true on a motion to dismiss, this opinion creates a factual dispute. *Sanders v. Kennedy*,
26   794 F.2d 478, 481 (9th Cir. 1986).

27         [4]  VMG's song has various titles, but the same copyright registration number.  It's full
     name is "Chicago Bus Stop (Ooh, I Love It)(Love Break)."
28

-4-

1    Plaintiff does not claim infringement as to one or the other versions of "Vogue."

2  VMG claims infringement of its *copyrights* by unauthorized use of important and substantial

3  elements of "Love Break" in Vogue in all of its versions, remixes, music videos and

4  recordings.

5    Pettibone  asserts that the material facts upon which this Court may make a finding

6  of *de minimus* are undisputed or indisputable.  However, this assertion is built on false

7  "rephrasing" of the allegations of the Complaint as noted above.

8    If Plaintiff's factual allegations are insufficient in any way, Plaintiff should be allowed

9  to amend for clarification.  There would be no prejudice to Defendants at this early juncture

10  and it is axiomatic that leave to amend should be freely granted where no prejudice is

11  shown.

12

13  II.    PLAINTIFF HAS ADEQUATELY PLEADED A CAUSE OF ACTION FOR

14        COPYRIGHT INFRINGEMENT

15    "To withstand dismissal pursuant to FRCP 12(b)(6), a claim of copyright

16  infringement must meet the pleading requirements of *Rule 8 of the Federal Rules of Civil*

17  *Procedure*."  *Maverick Recording Company v. Goldshteyn*, 2006 U.S. Dist. LEXIS 52422,

18  p. 4-5 (E.D.N.Y. 2006).

19    Under *Fed.R.Civ.P.*, Rule 8, to state a claim, a pleading "must contain (1) a short

20  and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain

21  statement of the claim showing that the pleader is entitled to relief; and (3) a demand for

22  the relief sought . . . ."  FRCP 8(a)(1)-(3).  VMG has complied with Rule 8, fully advising

23  Defendants of the claim and its factual basis.

24    A motion to dismiss is proper under the FRCP 12(b)(6) only where the pleadings fail

25  to state a claim upon which relief can be granted.  The complaint must be construed in the

26  light most favorable to the non-moving party and all material allegations in the complaint

27  are taken to be true.  *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).

28

-5-

1    Defendants assert that VMG has not supported its claim with sufficient facts

2    because what it has alleged is an admission of *de minimus* copying.  Memorandum in

3    Support of Motion to Dismiss, p. 1-2.  As discussed above, VMG has not admitted any

4    such thing, even for purposes of a pleadings motion.  To the contrary, VMG has alleged

5    intentional and substantial copying with more than enough facts to satisfy the Federal

6    Rules of pleading.[5]

7

8    III.    DEFENDANT HAS NOT AND CANNOT ESTABLISH THAT HIS COPYING

9            IS *DE MINIMUS*.

10    *Norse v. Henry Holt & Co.*, 991 F.2d 563, 566 (9Th Cir. 1993) is factually similar to

11    this action and is therefore controlling.   Defendants in *Norse* admitted copying, but

12    contended on summary judgment that the copying "was so insignificant that it should not

13    be actionable."  Defendants had taken a few phrases from plaintiff's letters and used them

14    in one paragraph of an entire biography of William S. Burroughs.

15    The Court in *Norse* held, however, that even such a small taking can be actionable.

16    The Court cited *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 565,

17    85 L.Ed.2d 588, 105 S.Ct. 2218 (1985) where the US Supreme Court ruled that taking 300

18    words from presidential memoirs was not fair use when the copied words were "the heart of

19    the book."

20    "The question of whether a copying is substantial enough to be actionable may be

21    best resolved through the fair use doctrine, which 'permits courts to avoid rigid application

22    of the copyright statute when, on occasion, it would stifle the very creativity which that law

23    is designed to foster."  *Id.*, at 566, citing *Stewart v. Abend*, 495 U.S. 207, 236, 109 L.Ed.2d

24    184, 110 S.Ct. 1750 (1990).

25

26    ————————————————

27    [5]   In fact, VMG is able to make an offer of proof that it has live witnesses to the
28    copying.

-6-

In evaluating fair use, courts must consider, *inter alia*, "the amount and substantiality of the portion used in relation to the copyrighted work as a whole." 17 U.S.C. §107(3). *Norse*, *supra.*, at 566. The Ninth Circuit held that "the district court erred in granting . . . summary judgment on the ground that the two works are not substantially similar" when copying has been admitted. *Norse*, *supra.*, at 566.

VMG has alleged that the portions taken from Love Break are far more substantial and important to Love Break than the small phrases taken from Plaintiff's letters in *Norse*.

In *Reebok International v. Jemmett*, 1990 U.S. Dist. LEXIS 18519, Copy. L. Rep. (CCH) P26676 (D. So. Cal. 1990), the Defendant literally Scotch-taped together a shoe catalog using parts of Reebok's copyrighted sales catalog. Although he admitted copying, Jemmett contended that his copying was *de minimus*. *Id.*, at 1.

Reebok had no actual loses, nor did Jemmett profit from his infringement. *Id.*, at 13. The Court surmised however that, "nevertheless, the copying of the catalog saved Jemmett money in not having to make his own list and descriptions of all the Reebok shoes he could [unlawfully] supply" and that having the catalog gave Jemmett "an air of legitimacy when contacting prospective customers." *Id.*, at 13. The Court noted that "Jemmett acted in disregard of Reebok's copyright interest by believing that his actions were *de minimus*." The Court entered judgment against Jemmett in the amount of $5,000 plus "reasonable attorneys' fees." *Id.*, at 13-17.

Again, the allegations VMG has made are that the taking from Plaintiff's sound recording is substantial and the use of "Love Break" by Defendant occurs throughout the various versions of "Vogue." Defendant has not established anything to the contrary.

-7-

IV.   IT IS NOT NECESSARY FOR PLAINTIFF TO PLEAD OR PROVE SUBSTANTIAL
       SIMILARITY BECAUSE ACTUAL COPYING CAN BE PROVED AND HAS BEEN
       ADMITTED FOR THE PURPOSE OF THIS MOTION

"To establish a successful claim for copyright infringement the plaintiff must prove (1) ownership of the copyright and (2) "copying" of protectible expression by the defendant." *Sid & Marty Kroft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157 1162 (9th Cir. 1977).

Once ownership is established, "[a] plaintiff may prove unauthorized copying *either* by direct evidence of copying *or* by creating a presumption of copying through indirect evidence." [Emphasis added.]  *Palmetto Builders v. Unireal, Inc.*, 342 F. Supp.2d 468, 472 (D. So. Carolina  2004) citing, *Lyons Partnership, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 801 (4th Cir. 2001);  *Mayo Clinic v. Elkin*, 2012 U.S. Dist. LEXIS 136667 (D. Minn. 2010) pp. 13-15  (to show copying, a plaintiff can present *either* direct evidence of copying *or* establish access and substantial similarity); *Art Attacks Ink LLC v. MGA Entertainment*, 2007 U.S. Dist. 48254, Copy. L. Rep. (CCH) P29,394 (D. So. Cal. 2007)(plaintiff may establish copying *either* by presenting direct evidence of copying *or* by access and similarity); *Neal Publications v. F&W Publications*, 307 F. Supp.2d 928 (N.D. Ohio 2004) (copying may be inferred by direct evidence or indirectly by a showing of access and substantial similarity).

A substantial similarity analysis does not apply where copying is proven directly, as the above cited cases establish. Substantial similarity is a doctrine that helps courts adjudicate whether copying actually occurred when an allegedly infringing work appropriates elements of an original without reproducing it *in toto*.  A showing of substantial similarity is irrelevant in a case like this where copying is not in dispute.  A demonstration of substantial similarity is only necessary to prove infringement "absent evidence of direct copying." *Range Road Music, Inc. v. East Coast Foods*, 668 F.3d 1148, 1154 (9th Cir. 2012); *Funky Films, Inc. v. Time Warner Entertainment Co.*, 462 F.3d 1072, 1076 (9th Cir.

-8-

1  2006).  "Because in most cases direct evidence of copying is not available, a plaintiff may

2  establish copying by showing that the infringer had access to the work and that the two

3  works are substantially similar."  *Narell v. Freeman*, 872 F.2d 907 (9th Cir. 1989).

4

5  V.    WHETHER THE COPYRIGHT CLAIM IS TIME BARRED TO ANY EXTENT IS A

6        QUESTION OF FACT AND THE FACTS ARE DISPUTED

7        Plaintiff acquired the copyrights at issue in February 2011 and thereafter discovered

8  the sampling by Defendants.  Whether or not Plaintiff's predecessor-in-interrst did discover,

9  or should have discovered, the sampling is an issue of fact.  *Polar Bear Productions v.*

10 *Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004); *Roley v. New World Pictures*, 19 F.3d 479,

11 481 (9th Cir. 1994).

12 VI.   CONCLUSION

13       For all the foregoing reasons, Plaintiff VMG Salsoul, LLC respectfully requests that

14 Defendant Shep Pettibone's Motion to Dismiss be denied in its entirety.  Alternatively, if the

15 Court grants the motion, Plaintiff requests a reasonable time within which to amend.

16 Dated:    October 29, 2012

17 LAW OFFICES OF ROBERT S. BESSER

18

19 By:  */s/ Robert S. Besser*
       ROBERT S. BESSER
20 Attorneys for Plaintiff
   VMG Salsoul, LLC
21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS
CASE NO. 12CV05967 SVW