UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-5967-SVW-FMO | Date | January 29, 2013 |
|---|---|---|---|
| Title | VMG Salsoul, LLC v. Madonna Louise Ciccone, et al. | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER Re MOTION TO DISMISS [18]

### I.   INTRODUCTION

On July 11, 2012, Plaintiff VMG Salsoul, LLC, filed its complaint against Defendants Madonna Louise Ciccone ("Madonna"); Shep Pettibone ("Pettibone"); WB Music Corporation; Blue Disque Music Company, Inc.; Webo Girl Publishing, Inc.; Lexor Music, Inc.; and Doe Defendants one through ten (collectively, "Defendants"). See Complaint ("Compl.") (Dckt. 1).  Defendant Pettibone moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6); Defendants Madonna, Webo Girl, and WB Music joined in the motion.[1]  See (Dckt. 18, 22).  For the reasons put forward in this Order, the Court DENIES Defendants' motion to dismiss.

---

[1] Plaintiff asserts that WB Music is not entitled to join Pettibone's motion because it filed its answer before filing a notice that it was joining the motion; however, under Federal Rule of Civil Procedure 12(g)(1), any motion made under Rule 12 "may be joined with any other motion allowed by this rule." Fed. R. Civ. P. 12(g)(1).  To the extent that Plaintiff is asserting that Rule 12(g)(2) prohibits WB Music from joing Pettibone's motion, it is incorrect for two reasons: first, 12(g)(2) only prohibits a party that makes a *motion* under Rule 12 from making another motion raising a defense or objection that was omitted from the first motion.  Here, WB Music's answer was not a motion, but rather a responsive pleading (moreover, WB Music asserted failure to state a claim as an affirmative defense).  Second, Rule 12(g)(2) explicitly provides that it does not apply "as provided in Rule 12(h)(2) or (3);" and Rule 12(h)(2) allows a party to raise a defense of failure to state a claim by motion under Rule 12(c).  Rule

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-5967-SVW-FMO | Date | January 29, 2013 |
|---|---|---|---|
| Title | VMG Salsoul, LLC v. Madonna Louise Ciccone, et al. | | |

### II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. See Fed. R. Civ. Proc. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id.; see also Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1951).

In reviewing a Rule 12(b)(6) motion, the Court must accept all allegations of material fact as true and construe the allegations in the light most favorable to the nonmoving party. Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002). Accordingly, while a court is not required to accept a pleader's legal conclusions as true, the court must "draw all reasonable inferences in favor of the plaintiff, accepting the complaint's [factual] allegations as true." Knievel v. ESPN, 393 F.3d 1068, 1080 (9th Cir. 2005).

The court may grant a plaintiff leave to amend a deficient claim "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Five factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his Complaint." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (citing Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. See Desoto, 957 F.2d at 658; Schreiber, 806 F.2d at 1401.

---

12(c) allows a party to move for judgment on the pleadings after pleadings are closed. Fed. R. Civ. P. 12(c). Thus, to the extent that WB Music may have been foreclosed from joining Pettibone's motion under Rule 12(g), the Court construes its motion as a motion under Rule 12(c).

|  | : |  |
|---|---|---|
|  | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-5967-SVW-FMO | Date | January 29, 2013 |
|---|---|---|---|
| Title | VMG Salsoul, LLC v. Madonna Louise Ciccone, et al. | | |

### III.   FACTUAL ALLEGATIONS

Plaintiff owns the composition and sound recording copyrights of "Chicago Bust Stop (Ooh, I love It)" (hereinafter, "Love Break"), written by Vincent Montana, and released by Salsoul Records in or about 1977.  Compl. ¶¶ 12-13.  Defendants Madonna and Pettibone are "credited with creating the sound recording" of the song "Vogue," a "tremendously" successful single that has been on several "top ten" lists of the best dance songs of the 1990s and was performed by Madonna at the Super Bowl half-time show on February 5, 2012.  Compl. ¶¶ 14, 17,22.  Plaintiff alleges that Defendant "sampled"[2] "numerous but intentionally hidden" portions of Love Break into Vogue—specifically, that the horn and strings in Vogue are "intentionally sampled from Love Break throughout."  Compl. ¶ 19.  It further alleges that the sampled portions of Love Break were "intentionally hidden" throughout Vogue, "so as to avoid detection."  Compl. ¶¶ 19, 23.  According to Plaintiff's expert, the "horn parts" of Vogue sample prominent horn parts of Love Break.  See Exhibit D attached to Compl.[3]  More specifically, Plaintiff's expert indicates that the sampled parts "consist of a single chord, or 'hit,' and a chord sounded twice, or double 'hit.'"  Id.  Plaintiff asserts that the alleged copying of these horn sounds into Vogue infringed upon their copyrights.

Defendants moved to dismiss Plaintiff's complaint on two grounds: first, they argue that Plaintiff's complaint fails to state a claim for copyright infringement.  Second, they argue that even if

---

[2] "Sampling entails the incorporation of short segments of prior sound recordings into new recordings."  Newton v. Diamond, 388 F.3d 1189, 1192 (9th Cir. 2004).  Though the practice of sampling dates back at least to the 1960s, see id., digital sampling—like the kind alleged here—developed in the 1980s with the advent of digital synthesizers, which "allowed artists digitally to manipulate and combine sampled sounds, expanding the range of possibilities for the use of pre-recorded music."  Id.

[3] Plaintiff attached a letter from Alexander Stewart, an Associate Professor in the University of Vermont's Music Department, to its Complaint.  Although a district court that considers evidence outside a complaint in ruling on a motion to dismiss must "normally convert the [motion to dismiss] into a Rule 56 motion for summary judgment," it may "consider certain materials—*documents attached to the complaint*, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (emphasis added).

|  |  : |  |
|---|---|---|
|  | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:12-cv-5967-SVW-FMO | Date | January 29, 2013 |
|---|---|---|---|
| Title | VMG Salsoul, LLC v. Madonna Louise Ciccone, et al. | | |

copying is assumed, the complaint should nonetheless be dismissed because the alleged copying was *de minimis*.

### IV. DISCUSSION

#### A. Copyright Infringement

In order to state a claim of copyright infringement, a plaintiff must allege that it 1) owns a valid copyright; and, 2) that the defendant copied "'constituent elements of the work that are original.'" Funky Films, Inc. v. Time Warner Entm't Co., L.P., 462 F.3d 1072, 1076 (9th Cir. 2006) (quoting Feist Pubs., Inc. v. Rural Tel. Serv. Co.*,* 499 U.S. 340, 361 (1991)). It is undisputed that Plaintiff owns the copyright to Love Break. The "copying" element of a copyright claim can be proven either via direct evidence or by proving that defendant had "access" to the plaintiff's work and that the two works are "substantially similar." See Funky Films, 462 F.3d at 1076 (noting that infringement can be shown *either* with evidence of direct copying *or* a "fact-based showings that the defendant had access to the plaintiff's work and that the two works are substantially similar"). Here, Plaintiff asserts that it has direct evidence of copying; this allegation is sufficient to survive a motion to dismiss for failure to state a claim.

#### B. *De Minimis* Copying

"For an unauthorized use of a copyrighted work to be actionable, the use must be significant enough to constitute infringement. This means that even where the fact of copying is conceded, no legal consequences will follow from that fact unless the copying is substantial." Newton v. Diamond, 388 F.3d 1189, 1192-93 (9th Cir. 2004) (internal citations and quotation marks omitted). This *de minimis* exception "has long been a part of copyright law," and "reflects the legal maxim, *de minimis non curatlex*"—that is, the law does not concern itself with trifles. Id. at 1193. A use is "*de minimis* only if the average audience would not recognize the appropriation." Netwon, 388 F.3d at 1193; see also id. ("To say that a use is *de minimis* because no audience would recognize the appropriation is thus to say that the use is not sufficiently significant.").

Plaintiff alleges that "numerous" portions of Love Break were copied into Vogue—specifically, that the horn and strings in Vogue are "intentionally sampled from Love Break throughout." They further allege that the sampled portions of Love Break were "intentionally hidden" throughout Vogue, "so as to avoid detection," and that the copying of the "horn and strings" was only detectable when certain technology became available to it in 2011. Defendants assert that this allegation is an admission that the alleged infringement is *de minimis*—the fact that certain unspecified technologies are required to

:

Initials of Preparer             PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-5967-SVW-FMO | Date | January 29, 2013 |
|---|---|---|---|
| Title | VMG Salsoul, LLC v. Madonna Louise Ciccone, et al. | | |

detect the copying means that an average audience could not recognize the appropriation. Although Defendants' argument may have merit, the Court finds that this argument is better suited for summary judgment: in the context of a musical composition and/or sound, the cases identified by the parties and the Court have ruled on a *de minimis* defense on a motion for summary judgment, rather than a motion to dismiss. See, e.g. Newton, 388 F.3d at 1195 (affirming a district court's grant of summary judgment on a defendant's *de minimis* defense where "[o]n the undisputed facts of this record, no reasonable juror could find the sample portion of the composition to be qualitatively or quantitatively significant portion of the composition of the whole"); Elsmere Music, Inc. v. Nat'l Broad. Co., Inc., 482 F. Supp. 741, 744 (S.D.N.Y. 1980) aff'd sub nom. Elsmere Music, Inc. v. Nat'l Broad. Co., 623 F.2d 252 (2d Cir. 1980) (ruling on a *de minimis* defense at the summary judgment stage).[4]

### C. Statute of Limitations

In the alternative, Defendants moved to limit Plaintiff's claim to damages incurred during the three year period prior to the date on which it filed its suit. In copyright litigation, "the statute of limitations issue that often arises is that the plaintiff filed its copyright claim more than three years after it discovered or should have discovered infringement." Polar Bear Productions, Inc. v. Timex Corp., 384 F.3d 700, 705-06 (9th Cir. 2004) opinion amended on denial of reh'g, 03-35188, 2004 WL 2376507 (9th Cir. Oct. 25, 2004). In such circumstances, Defendants are correct that that a plaintiff's right to damages is "limited to those suffered during the [three years prior to filing the suit]." Id. at 706 (internal citations and quotation marks omitted). However, this rule "does not prohibit recovery of damages incurred more than three years prior to filing of suit if the copyright plaintiff was unaware of the infringement, and that lack of knowledge was reasonable under the circumstances." Id. Such a determination requires at least a modicum of evidence and thus does not lend itself to resolution on a motion to dismiss.

---

[4] Although Defendants did not explicitly raise the argument, the Court notes that there is another potential *de minimis* argument: that the alleged infringement was only of a single chord. Plaintiff's expert indicated that the sampled parts "consist of a single chord, or 'hit,' and a chord sounded twice, or double 'hit.'" Thus, at its core, Plaintiff's allegation of copyright infringement centers on a *single* chord. However, a single chord is "too small a unit to attract copyright protection." Swirsky v. Carey, 376 F.3d 841, 851 (9th Cir. 2004). As the Ninth Circuit reasoned, "one would not want to give the first author a monopoly over the note of B-flat." Id. To the extent Defendants are making this argument, the Court finds it better suited for summary judgment.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:12-cv-5967-SVW-FMO | Date | January 29, 2013 |
|---|---|---|---|
| Title | VMG Salsoul, LLC v. Madonna Louise Ciccone, et al. | | |

**V.  CONCLUSION**

For the reasons put forward in this Order, the Court DENIES Defendants' motion to dismiss. The Court further ORDERS the parties to appear at a status conference on February 11, 2013 at 1:30 p.m.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |