1  Robert H. Horn (State Bar No. 134710)
   rhorn@proskauer.com
2  Susan L. Gutierrez (State Bar No. 273980)
   PROSKAUER ROSE LLP
3  2049 Century Park East
   32nd Floor
4  Los Angeles, California 90067-3206
   Telephone:  (310) 557-2900
5  Facsimile:   (310) 557-2193

6  Sandra A. Crawshaw-Sparks (admitted *pro hac vice*)
   scrawshaw@proskauer.com
7  Alexander Kaplan (*pro hac vice* pending)
   akaplan@proskauer.com
8  PROSKAUER ROSE LLP
   11 Times Square
9  New York, New York 10036-8299
   Telephone:  (212) 969-3000
10 Facsimile:   (212) 969-2900

11 Attorneys for Defendants
   Madonna Louise Ciccone, Webo Girl Publishing,
12 and WB Music Corp.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| VMG SALSOUL, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MADONNA LOUISE CICCONE, professionally known as MADONNA, an individual; SHEP PETTIBONE, an individual; WB MUSIC CORPORATION, a Delaware corporation; BLUE DISQUE MUSIC COMPANY, INC., a corporation; WEBO GIRL PUBLISHING, INC., a California corporation; LEXOR MUSIC, INC., a New York corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV 12-05967-BRO (CWx)<br><br>**MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF DEFENDANTS WB MUSIC CORPORATION AND WEBO GIRL PUBLISHING, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  June 3, 2013<br>Time:  1:30 p.m.<br>Ctrm:  14<br><br>Hon. Beverly Reid O'Connell<br><br>Pretrial Conf:  June 10, 2013<br>Trial:  June 18, 2013 |

# **TABLE OF CONTENTS**

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION AND BACKGROUND ........................................................ 1

II.  ARGUMENT:  THE PUBLISHERS ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE THE *VOGUE* COMPOSITION CANNOT INFRINGE THE *LOVE BREAK* SOUND RECORDING .............. 2

III. CONCLUSION ................................................................................................. 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Bridgeport Music, Inc. v. Dimension Films*
  410 F. 3d 792 (6th Cir. 2005) .................................................................................. 2

*BTE v. Bonnecaze*
  43 F. Supp. 2d 619 (E.D. La. 1999) ........................................................................ 2

*Jarvis v. A&M Records*
  827 F. Supp. 282 (D.N.M. 1993) ............................................................................ 2

*Newton v. Diamond*
  204 F. Supp. 2d 1244 (C.D. Cal. 2002) ................................................................... 2

*T.B. Harms Co. v. Jem Records, Inc.*
  655 F. Supp. 1575 (D.N.J. 1987) ............................................................................ 2

**FEDERAL STATUTES**

17 U.S.C. § 102(a)(2), (7) ............................................................................................ 2

17 U.S.C. § 114(b) ....................................................................................................... 3

**FEDERAL ORDERS**

*Drive-In Music Co et al. v. Sony Music Entertainment et al*
  No. 2:10-cv-05613-CAS (C.D. Cal. Apr. 18, 2011) (Dkt. No. 42) .................. 3, 4

1270/48416-048
current/36473648v3

## I. INTRODUCTION AND BACKGROUND

This action asserts a single claim for copyright infringement arising out of Defendants' alleged infringing copying of the sound recording – not the musical composition – of "Ooh, I Love It (Love Break)" (hereinafter "*Love Break*"). Plaintiff VMG Salsoul, LLC ("VMG" or "Plaintiff") claims to be the owner of the copyright of *Love Break*, though has not attached a copyright registration to the complaint for *Love Break*, as it must, to have standing to bring this action.[1] The Complaint accuses all of the defendants of having copied the recording of *Love Break* into the well-known recording, *Vogue*, performed by Madonna and released in 1989/1990 by a record company that is not a party to this litigation.

Three of the defendants named in the Complaint are what are referred to in the music industry as publishing companies. Publishing companies generally own or administer musical compositions but not sound recordings. It is undisputed that these three defendants, WB Music Corporation ("WB Music Corp."), Webo Girl Publishing, Inc. ("Webo Girl") and Lexor Music, Inc. ("Lexor") (collectively, the "Publishers") have absolutely no interest, control, or right of exploitation in the sound recording of *Vogue*. (SUF 1.)

Rather, the Publishers co-own only the <u>composition</u> of *Vogue*. (SUF 2.) This composition cannot infringe the *Love Break* sound recording, or any sound recording. By definition, a composition, which is a written series of notes – not actual or fixed sounds – can only potentially infringe another composition. Accordingly, the Publishers are entitled to summary judgment on Plaintiff's sole cause of action, which is for infringement of *Love Break* by the *Vogue* sound recording.

---

[1] Co-defendant, Shep Pettibone, the creator along with Madonna of *Vogue* (the allegedly infringing recording), has filed a separate motion for summary judgment that addresses the issue of standing, among multiple other issues. The defendants making this motion join in Mr. Pettibone's motion.

## II. ARGUMENT: THE PUBLISHERS ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE THE *VOGUE* COMPOSITION CANNOT INFRINGE THE *LOVE BREAK* SOUND RECORDING

Copyright law is clear that a sound recording is separate and distinct from a musical composition, even though a sound recording will also embody a musical composition. As this district set forth in *Newton v. Diamond*, 204 F. Supp. 2d 1244, 1248-49 (C.D. Cal. 2002):

> Sound recordings and their underlying musical compositions are separate works with their own distinct copyrights. *See* 17 U.S.C. § 102(a)(2), (7). "When a copyrighted song is recorded on a phonorecord, there are two separate copyrights: one in the musical composition and the other in the sound recording." *T.B. Harms Co. v. Jem Records, Inc.*, 655 F. Supp. 1575, 1576 n.1 (D.N.J. 1987). *See also BTE v. Bonnecaze*, 43 F. Supp. 2d 619, 627 (E.D. La. 1999); *Jarvis v. A&M Records*, 827 F. Supp. 282, 292 (D.N.M. 1993) ("Under the Copyright Act, there is a well-established distinction between sound recordings and musical compositions."). The rights of a copyright in a sound recording do not extend to the song itself, and *vice versa*. *BTE*, 43 F. Supp. 2d at 627; *T.B. Harms*, 655 F. Supp. at 1576 n.1.

(Emphasis in original.)

Based on this distinction, it follows that a composition – which is a written (not audible) abstraction of notes – cannot, by definition, infringe a sound recording – which is an embodiment of *actual sound*. *See id.*; *see also Bridgeport Music, Inc. v. Dimension Films*, 410 F. 3d 792, 800 (6th Cir. 2005) (providing that exclusive right bestowed on holder of copyright in sound recording is limited to the right to

"'duplicate the sound recording in the form of phonorecords or copies that directly or indirectly recapture the *actual sounds* fixed in the recording'") (*quoting* 17 U.S.C. § 114(b)) (emphasis added).

Judge Christina A. Synder's ruling in *Drive-In Music Co. et al. v. Sony Music Entertainment et al.*, No. 2:10-cv-05613-CAS (C.D. Cal. Apr. 18, 2011) (Dkt. No. 42)[2] provides an instructive analysis of precisely this issue, based on facts nearly identical to those in the instant case.[3] There, plaintiffs sued defendant Universal Music-Z Tunes LLC ("Universal"), the owner of the composition "From Da Giddy Up," for alleged infringement of plaintiffs' copyright in the *sound recording* for the musical work "Let a Woman." (*Id*. at p. 1.) Just as in this case, it was undisputed that Universal did not own any interest in the sound recording for "From Da Giddy Up." (*Id*. at p. 6.) Judge Synder discussed the distinction between sound recordings and musical compositions at length (quoting *Newton v. Diamond*, *supra*) and ultimately held as follows:

> "Universal argues that plaintiffs' allegation that Universal made copies of and exploited the 'From Da Giddy Up' sound recording is contradicted by their allegation that Universal's rights extend only to the 'From Da Giddy Up' composition. Universal maintains that its ownership of the 'From Da Giddy Up' composition does not give it rights to exploit the sound recording, which is the subject of another copyright. Moreover, Universal points out that plaintiffs allege that 'From Da Giddy Up' was distributed by an entirely different group of defendants.

---

[2] A true and correct copy of Judge Synder's ruling is attached hereto as Exhibit A to the Declaration of Robert H. Horn.

[3] Non-citable and non-published district court orders and opinions may be persuasive but are not precedential authority.  *See* Fed. R. App. P. 32-1.

> The Court agrees with Universal. [Plaintiffs] cannot salvage its claim simply by lumping Universal into its generic definition of defendants. Moreover, <u>even if plaintiffs' complaint can be read as alleging that Universal somehow copied the 'From Da Giddy Up' sound recording, that allegation is belied by the allegation that Universal only asserted copyright ownership in the 'From Da Giddy Up' musical composition.</u> Therefore, the Court finds that plaintiffs' allegation that Universal copied the 'From Da Giddy Up' sound recording is implausible on its face."

(*Id*. at pp. 7-8 (emphasis added).)  Here, Plaintiff readily admits that WB Music Corp. "was not involved in the exploitation of the <u>sound recordings</u> of *Vogue*" and "[does] not have information about the revenues and expenses for the <u>sound recordings</u> of *Vogue*." (SUF 1-2 (emphasis in original).) Webo Girl and Lexor similarly were not involved in the exploitation of the *Vogue* sound recording and there is no evidence in the record that they have an interest in *Vogue* in anything but the musical composition. (*Id*.)

This admission is fatal to Plaintiff's claim, which expressly concerns only the *Vogue* sound recording and not the composition. Plaintiff's Complaint contains only one claim for relief, for copyright infringement, and alleges: "Defendants, and each of them, have infringed the copyright in the sound recording of *Love Break* by incorporating it into the song *Vogue* (sampled) without authorization." Compl. ¶ 25. Accordingly, there is no legal or factual basis for the Publishers to remain in this case, and summary judgment in their respective favor should be granted.

## III. CONCLUSION

For the foregoing reasons the Publishers respectfully request that the Court enter an order granting summary judgment in each of their favor on the complaint.

DATED: May 6, 2013

Sandra A. Crawshaw-Sparks
Robert H. Horn
Alexander Kaplan
Susan L. Gutierrez
PROSKAUER ROSE LLP


By: _____/s/_____
    Robert H. Horn

Attorneys for Defendants
Madonna Louise Ciccone, Webo Girl Publishing, Inc., and WB Music Corp.

1270/48416-048
current/36473648v3