Robert S. Besser, State Bar No. 46541
Christopher Chapin, State Bar No. 112608
LAW OFFICES OF ROBERT S. BESSER
1221 Second Street   Suite 300
Santa Monica, California 90401
rsbesser@aol.com
christopherchapin@aol.com
(310) 394-6611

Joseph P. Costa, State Bar No. 130131
Darius Anthony Vosylius, State Bar No. 175030
Lindsay T. Cinotto, State Bar No. 258852
COSTA ABRAMS & COATE, LLP
1221 Second Street   Suite 300
Santa Monica, California 90401
jcosta@cacllp.com
(310) 576-6161

Attorneys for Plaintiff
VMG SALSOUL, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VMG SALSOUL, LLC, a Delaware limited liability company, | Case No. CV12-05967 BRO (CWx) Honorable Beverly Reid O'Connell |
| Plaintiff, | NOTICE AND MOTION FOR ORDER GRANTING LEAVE TO AMEND COMPLAINT |
| vs. | |
| MADONNA LOUISE CICCONE, professionally known as MADONNA, an individual; SHEP PETTIBONE, an individual, WB MUSIC CORPORATION, a Delaware corporation;  BLUE DISQUE MUSIC COMPANY, INC., a corporation; WEBO GIRL PUBLISHING, INC., a California corporation; LEXOR MUSIC, INC., a New York corporation; and DOES 1 through 10, inclusive, | DECLARATION OF ROBERT S. BESSER IN SUPPORT [Filed separately herewith] [PROPOSED] ORDER GRANTING LEAVE TO AMEND COMPLAINT |
| Defendants. | Date:      June 17, 2013 Time:      1:30 p.m. Ctrm:      14 |

TO THE COURT, THE PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 17, 2013, at 1:30 p.m., or as soon thereafter

as counsel may be heard, before Honorable Beverly Reid O'Connell in Courtroom 14 of the

-1-

1    above entitled Court located at 312 North Spring Street, Los Angeles, California 90012,

2    Plaintiff VMG SALSOUL, LLC will and hereby does, move the Court for an Order Granting

3    Leave to Amend the Complaint.

4        This motion is made after conference of counsel pursuant to Local Rule 7-3 which

5    began with a conference held before Plaintiff filed its *ex parte* application addressing the

6    same issues, filed on April 30, 2013 and continued through May 16, 2013 when

7    Defendants' counsel confirmed that their position opposing the relief Plaintiff's requests

8    was the same.

9        Plaintiff wishes to add two corporate entity defendants:  WARNER MUSIC GROUP

10   and WARNER BROS. RECORDS, INC., each of which is directly related to Defendant WB

11   Music Corp, who has appeared and participated fully in this action.  In addition, Plaintiff

12   wishes to delete some surplus and confusing language in order to present a clear and

13   simple case of copyright infringement of two copyrights owned by Plaintiff.  Plaintiff asks

14   that leave to file the [Proposed] First Amended Complaint be granted in the interest of full

15   and fair adjudication of the matters involved in this case.

16       This motion is made pursuant to FRCP 15 on the ground that the amendment will

17   allow this case to be fully adjudicated between all interested parties and will obviate the

18   need for Plaintiff to file a separate lawsuit against WARNER MUSIC GROUP and

19   WARNER BROS. RECORDS, INC.

20       This motion is based on this Notice, the attached Memorandum of Points and

21   Authorities, [Proposed] Order Granting Leave to Amend, the [Proposed] First Amended

22   Complaints and the Declaration of Robert S. Besser, attaching a "redlined" version of the

23   Complaint identifying the parties and language that Plaintiff wishes to add/delete, filed

24   / / /

25   / / /

26   / / /

27   / / /

28

-2-

1   herewith, the entire Court record in this action and on such other evidence and/or

2   argument as may be presented at or before the hearing.

3   Dated:   May 20, 2013
    LAW OFFICES OF ROBERT S. BESSER

4

5   By: /s/ Robert S. Besser
        ROBERT S. BESSER
6   Attorneys for Plaintiff
    VMG SALSOUL LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE AND MOTION FOR ORDER GRANTING LEAVE TO AMEND COMPLAINT
CASE NO. 12CV05967 BRO

1   MEMORANDUM OF POINTS AND AUTHORITIES

2   I.     INTRODUCTION

3          This case arises out of what Plaintiff believes was a deliberate and certainly

4   unauthorized use of its sound recording and composition copyrights in a song referred to

5   herein as "Love Break" in the creation of the song entitled "Vogue" performed by Madonna.

6   Originally, Plaintiff named and served WB MUSIC CORPORATION, believing that it was

7   the proper Warner Bros. entity and would encompass both the sound recording and

8   composition sides of the dispute.  It very recently came to light that in fact, only the

9   publishing (composition) interest in Vogue was represented by WB MUSIC

10  CORPORATION.  Plaintiffs have only been able to determine that the sound recording is

11  the province of either Warner Music Group or Warner Bros. Records, Inc.[1]

12         As noted in the Declaration of Robert S. Besser ("Besser Decl."), Defendants'

13  counsel did not disclose the fact that a related Warner Bros. company was the one that

14  Plaintiff should have sued.  Mr. Besser and his co-counsel, Christopher Chapin, searched

15  the internet, before filing the Complaint, to try to figure out which companies were the

16  proper defendants.  Counsel thought they had tracked down the parent company which

17  would encompass both the sound recording and the composition.  Mr. Besser was not

18  made aware that WB Music Corporation only handled the publishing/composition

19  operations until counsel for WB Music Corporation produced only documents relating to the

20  publishing income.  Besser Decl., ¶ 4.

21

22

23         [1]  Plaintiff filed an *ex parte* application on April 30, 2013 on these very same issues.

24  The Court denied the application without prejudice on the sole ground that the matter
    submitted did not qualify as an emergency.  Plaintiff filed the *ex parte* because at the time,

25  the case was assigned to Judge Stephen Wilson who had set a trial date (June 18, 2013)
    which was rapidly approaching and amending the Complaint was then an emergency.

26  Now, the Court has continued the date of Defendants' pending Motion for Summary
    Judgment to July 3, 2013 and the Trial Date to August 13, 2013, so there is time for a

27  noticed motion.    See Besser Decl., ¶ 8.

28
                                            -4-

1    In addition, in answering Interrogatories, WB Music Corporation stated that it was

2  not aware of any "indispensable parties" that were not named, even though it had pled lack

3  of indispensable parties as an affirmative defense.  Besser Decl. ¶ 6.

4    Also, it should be noted that all three companies, WB Music Corporation, Warner

5  Music Group and Warner Bros. Records, Inc., all share the same address: 75 Rockefeller

6  Plaza, New York, New York 10019.  See Exhibit "A" to Besser Decl.

7    Finally, on its "Certificate of Interested Parties,"(Document No. 42) Defendant WB

8  Music Corporation identified Warner Music Group as an interested party.  Exhibit "C" to

9  Besser Decl.

10    The amendments sought by Plaintiff will help clarify and focus the case, allow

11  Plaintiff access to discoverable and relevant financial information and make it unnecessary

12  for Plaintiff to file a separate lawsuit against WARNER MUSIC GROUP and WARNER

13  BROS. RECORDS, INC. for the same relief based on the same allegations.

14

15  II.    AMENDMENTS TO BE MADE TO THE COMPLAINT

16    A [Proposed] First Amended Complaint with the additions and "highlighted" and the

17  deletions struck out is attached to the Besser Decl. as Exhibit "D."   Plaintiff has also

18  lodged is a "clean" copy of the [Proposed] First Amended Complaint and an Order Granting

19  Leave to Amend.

20

21  III.    LEAVE TO AMEND IS TO BE LIBERALLY GRANTED

22    FRCP 15 provides that after a responsive pleading has been filed, ". . . a party may

23  amend its pleading only with the opposing parties' written consent or the court's leave.  The

24  court should freely give leave when justice so requires."  FRCP 15(a)(2); *Digimarc*

25  *Corporation v. Signum Technologies Ltd.*, 2001 U.S. Dist. LEXIS 7788, p. 3 (D. Ore. 2001).

26    "Federal policy strongly favors determination of cases on their merits. [citation

27  omitted].  Therefore, the role of pleadings is limited, and leave to amend is freely given."

28

-5-

1   *Digimarc*, *supra*., at p. 3.

2   "In the absence of any apparent or declared reason – such as undue

3   delay, bad faith or dilatory motive on the part of the movant, repeated failure

4   to cure deficiencies by amendments previously allowed, under prejudice to

5   the opposing party by virtue of allowance of the amendment, futility of the

6   amendment, etc. – the leave sought should, as the rules require, be 'freely

7   given.' Of course, the grant or denial of an opportunity to amend is within the

8   discretion of the District Court, but *outright refusal to grant the leave without*

9   *any justifying reason appearing for the denial, is not an exercise of discretion;*

10   *it is merely an abuse of that discretion and inconsistent with the spirit of the*

11   *Federal Rules.*" [Emphasis added.] *Foman v. Davis*, 371 U.S. 178, 182, 9

12   L.Ed.2d 222, 83 S.Ct. 227 (1962).

13   "Liberality in granting a plaintiff leave to amend is subject to the qualification that the

14   amendment not cause undue prejudice to the defendant[s], is not sought in bad faith, and

15   is not futile." *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999); *see also Bonin v.*

16   *Calderon*, 59 F.3d 815, 845 (9th Cir. 1995), *cert denied*, 516 U.S. 1051, 133 L.Ed.2d 671,

17   116 S.Ct. 718 (1996).

18   <u>Undue Delay</u>

19   Until the WB Music Corp. deposition, Plaintiff believed it had named the proper

20   parties. This motion is brought 10 days after the Court denied an *ex parte* application

21   seeking the same relief on May 10, 2013. There has been no delay, undue or otherwise.

22   Indeed, "delay, by itself, no matter how lengthy, is not a reason for a court to deny a motion

23   for leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). Delay must

24   be substantial before it can be said to unduly prejudice a party. See, e.g., *Coleman v. The*

25   *Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000).

26

27

28

-6-

<u>Undue Prejudice</u>

Defendants have clearly known since they were served in this action that all of the proper parties were not named.  Defendants will not be prejudiced by adding two related parties and deleting some surplusage language.  The claim remains the same – i.e., copyright infringement.  Defendants are well aware of the relationship of WB Music Corporation and the two Warner Bros. companies Plaintiff seeks to add.  Allegations concerning infringement of the sound recording remain the same in the [Proposed] First Amended Complaint.

<u>No Bad Faith</u>

As explained in the Besser Decl., this motion is brought solely to include all parties who are alleged to have contributed to the infringement.  As also explained, Plaintiff was mistaken in its belief that WB MUSIC CORPORATION was the proper party.  Plaintiff seeks leave to correct that mistake.

<u>No Prior Amendments</u>

Plaintiff has not previously sought leave to amend.

<u>The Amendment is Not Futile</u>

Adding two new, but related companies as defendants is not futile in the least.  At least one of these companies has the exclusive right to exploit the sound recording of "Vogue."  If leave is granted, there will be no need to file a separate action against WARNER MUSIC GROUP and WARNER BROS. RECORDS, INC.

IV.     ALTERNATIVELY, THE TWO WARNER BROTHERS COMPANIES SHOULD BE
        JOINED UNDER FRCP 19(a) BECAUSE THEY ARE NECESSARY PARTIES

FRCP 19 deals with "joinder of persons needed for a just adjudication."  FRCP 19(a) requires joinder of persons who are traditionally denominated as "necessary."

"A 'necessary' party is one 'having an interest in the controversy, and who ought to be made [a party] in order that the court may act on that rule which requires it to decide on

-7-

1   and finally determine the entire controversy and do complete justice, by adjudicating all the

2   rights involved in it." *CP National Corp. v. Bonneville Power Administration*, 928 F.2d 905,

3   912 (9th Cir. 1991).  "An entity's status as a necessary party is determined in the context of

4   the particular litigation." *Id*.  "This standard is met when failure to join will lead to

5   "unnecessary and repetitive litigation." *Id*.

6

7   V.   THE CLAIM AGAINST THE ADDED DEFENDANTS WOULD RELATE BACK TO

8        THE FILING OF THE ORIGINAL COMPLAINT

9        FRCP 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the

10  date of the original pleading when . . . the amendment asserts a claim or defense that

11  arose out of the conduct, transaction or occurrence set out – or attempted to be set out – in

12  the original pleading."

13       In this case, the amendments sought most certainly arise out of the alleged

14  copyright infringement which Plaintiff attempted to be set out in the original complaint.

15  There are no new factual allegations.  In fact, some allegations have been removed.

16       "The Supreme Court has stated that the "purpose of relations back . . . [is] to

17  balance the interests of the defendant protected by the statute of limitations with the

18  preference expressed in the Federal Rules of Civil Procedure in general and Rule 15 in

19  particular, for resolving disputes on their merits." *Krupski v. Costa Crociere S.p.A.*,

20  ___U.S.___, 130 S.Ct. 2485, 2494, 177 L.Ed.2d 48 (2010).

21       Furthermore, according to FRCP 15(c)(1)(C), where the amendment adds new

22  defendants, relation back is permitted where (i) the new defendant was sufficiently alerted

23  to the proceedings before expiration of the time for service of summons and (ii) should

24  have known that the action would be brought against it, but for a mistake concerning the

25  proper party's identity.

26       This is true here.  The two "new" Warner Brothers companies were sufficiently

27  alerted to the proceedings when its affiliate company (WB MUSIC CORPORATION) was

28

-8-

1   timely served.  Corporations in a parent-subsidiary relationship with an entity sued in the

2   original complaint generally have been held to have constructive notice of the original

3   action.  "Cases from other circuits confirm that Rule 15(c) notice is satisfied when the

4   parties are so closely related in their business operations or other activities that an action

5   instituted against one serves to provide notice of the litigation to the other." *G.F. Co. v. Pan*

6   *Ocean Shipping Co., Ltd.*, 23 F.3d 1498, 1503 (9th Cir. 1994).

7       There can be no doubt that the addition of WARNER MUSIC GROUP and

8   WARNER BROS. RECORDS, INC. is no surprise to Defendants.  See "Certificate of

9   Interested Parties" by Defendants, Besser Decl., Exh. "C."  They would have been named

10  originally but for counsel's mistake in believing that WB MUSIC CORPORATION was the

11  proper party.

12      Therefore, it is entirely proper for the copyright claims to relate back to the date of

13  filing the original complaint.  *Alonso v. Blackstone Fin. Group LLC*, 2013 U.S. Dist. LEXIS

14  25480 at 12 (ED Cal. 2013).

15

16  VI.     CONCLUSION

17      For all the foregoing reasons, Plaintiff respectfully request that the Court grant leave

18  to amend the Complaint in the form of the First Amended Complaint, filed herewith.

19  Dated:   May 20, 2013

20  LAW OFFICES OF ROBERT S. BESSER

21

22  By: /s/ Robert S. Besser
        ROBERT S. BESSER
23  Attorneys for Plaintiff
    VMG Salsoul, LLC
24

25

26

27

28

-9-

NOTICE AND MOTION FOR ORDER GRANTING LEAVE TO AMEND COMPLAINT
CASE NO. 12CV05967 BRO

CERTIFICATE OF ECF SERVICE

I, Christopher Chapin, declare:

I am a member of the bar of this Court.  I am not a party to the within action and I am over the age of eighteen (18) years.

I hereby certify that all counsel for all appearing parties are Filing Users  and will be served with the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT through the Court's CM/ECF system.

Dated: May 20, 2013

/s/ Christopher Chapin
Christopher Chapin

-10-

NOTICE AND MOTION FOR ORDER GRANTING LEAVE TO AMEND COMPLAINT
CASE NO. 12CV05967 BRO