1  Peter J. Anderson, Esq., Cal. Bar No. 88891
   E-Mail: pja@pjanderson.com
2  LAW OFFICES OF PETER J. ANDERSON
   A Professional Corporation
3  100 Wilshire Boulevard, Suite 2010
   Santa Monica, CA 90401
4  Tel: (310) 260-6030
   Fax: (310) 260-6040
5
6  Attorney for Defendants
   WARNER BROS. RECORDS INC. and
7  WARNER MUSIC GROUP CORP.

8              **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10                   **WESTERN DIVISION**

| | |
|---|---|
| 11   VMG SALSOUL, LLC, a Delaware limited liability company, | ) | Case No. CV-12-5967 BRO (CWx) |
| 12                   Plaintiff, | ) | JOINT REPORT *RE* PROPOSED DATES |
| 13        vs. | ) | |
| 14 | ) | Date: August 26, 2013 |
| 15   MADONNA LOUISE CICCIONE, professionally known as MADONNA, an | ) | Time: 1:30 p.m. |
| 16   individual; SHEP PETTIBONE, an individual, WB MUSIC | ) | Courtroom of the Honorable Beverly Reid O'Connell |
| 17   CORPORATION, a Delaware corporation; BLUE DISQUE MUSIC | ) | United States District Court |
| 18   COMPANY, INC., a corporation; WEBO GIRL PUBLISHING, INC., a California | ) | |
| 19   corporation; LEXOR MUSIC, INC., a New York corporation; WARNER | ) | |
| 20   MUSIC GROUP, a Delaware corporation; WARNER BROS. | ) | |
| 21   RECORDS, INC., a Delaware corporation, and DOES 1 through 10, | ) | |
| 22   inclusive, | ) | |
| 23                   Defendants. | ) | |
| 24 | ) | |

25

26

27

28

**JOINT REPORT**

**1.    INTRODUCTION**

Pursuant to this Court's July 18, 2013 Order (Document 104), the parties respectfully submit this Joint Report *re* proposed dates if the pending Motions, set for hearing on August 26, 2013, do not dispose of the action in its entirety.

As the Court is aware, plaintiff asserts a claim for copyright infringement and there is currently pending the Motion for Summary Judgment filed by defendants Shep Pettibone and Lexor Music, Inc., in which all other defendants have joined, and the Motion for Summary Judgment filed by Madonna Louise Ciccone, Webo Girl Publishing and WB Music Corp.  In addition, on July 12, 2013 and after the discovery cut-off as to the previously-named parties, plaintiff filed a First Amended Complaint adding as defendants Warner Bros. Records Inc. and Warner Music Group Corp., which have filed supplemental papers as to Shep Pettibone and Lexor Music's pending Motion for Summary Judgment.

Because of the addition of those two new defendants, the Court vacated the previously-set pretrial and trial dates and stayed the time for defendants to respond to plaintiff's First Amended Complaint, with new dates to be set if the pending Motions do not end the case.

**2.    PROPOSED NEW DATES**

**(a)    Time to Respond to Plaintiff's First Amended Complaint**

All parties agree that if the pending Motions do not end the case, defendants are properly provided 21 day after the Court's ruling in which to respond to the First Amended Complaint.

**(b)    Additional Period for Fact and Expert Discovery**

All parties also agree that Warner Bros. Records and Warner Music Group Corp., as new defendants added after the discovery cut-off, are entitled to an opportunity to pursue discovery.  The parties, however, do not agree on the extent of that discovery and the time that should be provided for its completion.

1

**(1)**     **Plaintiff's Position as to Additional Discovery**

Plaintiff contends that no further fact discovery is needed on the liability issues other than discovery pertaining to new experts, if any, designated by the new Defendants. The only other discovery necessary is depositions of the damages experts previously identified by the parties and any additional damages experts designated by Warner Bros. Records and Warner Music Group.

Plaintiff further contends that there is no basis to take depositions of any witness that has been deposed.

Plaintiff contends that discovery can be completed within one month after defendants respond to the First Amended Complaint.

**(2)**     **Warner Bros. Records and Warner Music Group's Position as to Additional Discovery**

Warner Bros. Records and Warner Music Group contend that if the pending Motions do not end the case, for the following reasons a reasonable time for them to complete discovery would be four months from the issuance of the Court's Order on the pending Motions.

First, counsel for Warner Bros. Records and Warner Music Group has not yet determined what discovery was completed. Plaintiff has provided to Warner Bros. Records and Warner Music Group electronic copies of 19 depositions taken by the other parties to the case. But, all of the transcripts have not yet been reviewed and plaintiff has not yet provided the deposition exhibits, the written discovery and discovery responses exchanged by plaintiff and the other defendants and the documents produced by plaintiff, the other defendants and any non-parties. Because counsel does not yet know what discovery was completed, he cannot assume the discovery completed covered all aspects of the case that need to be covered, including as to the new defendants.

Second, while a related entity – WB Music Corp. – was named in the Complaint, that related entity is a musical composition publishing entity and, as a

result, had no involvement in, nor potential liability for, the allegedly-infringing *Vogue* sound recording.   As a result, that entity and its counsel had no reason to pursue discovery as to that aspect of the case and, again, it cannot be assumed that discovery relevant to Warner Bros. Records' and Warner Music Group's defense of the case has been done.

Third, in addition to the additional expert discovery mentioned by plaintiff, above, no fact discovery has been done at all as to the new defendants' revenues, expenses and profits, if any, with respect to the *Vogue* sound recordings, and the apportionment of those profits.

Four months of discovery would allow Warner Bros. Records and Warner Music Group a reasonable opportunity to obtain and review the prior discovery; serve written discovery on plaintiff, obtain plaintiff's responses and, if necessary, seek enforcement of the written discovery; pursue, and respond to plaintiff's discovery, relevant specifically to Warner Bros. Records and Warner Music Group; and pursue and complete expert discovery.

The remaining defendants concur with the request for four months of discovery by the newly-added defendants.

    **(c)**    <u>**New Motion Cut-Off, Pretrial and Trial Dates**</u>

        **(1)**    **Plaintiff's Position as to New Motion Cut-Off, Pretrial and Trial Dates**

Based on plaintiff's positions above, and assuming that the Court rules on the pending Motions on August 26, 2013, plaintiff's position is that defendants' responses to the First Amended Complaint and the additional period for discovery can be completed by November 1, 2013.   As to a new motion cut-off date as to Warner Bros. Records and Warner Music Group, plaintiff contends that there is no basis for any further dispositive motions and proposes a new motion cut-off date of November 1, 2013 and new pretrial and trial dates of, respectively, December 2, 2013 and December 17, 2013.

**(2)      Warner Bros. Records and Warner Music Group's Position as to New Motion Cut-Off, Pretrial and Trial Dates**

Based on defendants' positions above, and assuming the Court rules on the pending Motions on August 26, 2013, Warner Bros. Records and Warner Music Group's position is that defendants' responses to the First Amended Complaint and the additional period for discovery would be completed by December 26, 2013.

If the pending Motions are not granted, Warner Bros. Records and Warner Music Group would not, of course, file their own summary judgment motion on the same grounds. However, it is possible that in discovery new or different grounds for a motion for summary judgment or partial summary judgment may become known. Also, plaintiff has objected on procedural grounds to Warner Bros. Records and Warner Music Group's Joinder and supplemental Notice for partial summary judgment. Should that the Motion or the supplemental Motion be denied on procedural grounds, they would request the opportunity to re-file them.

Accordingly, Warner Bros. Records and Warner Music Group respectfully propose the following new dates:

- New motion filing cut-off date of December 30, 2013;

- Final pretrial conference date of February 24, 2014; and

- Trial date of March 17, 2013.

The remaining defendants concur in this proposal.

Dated: August 19, 2013

/s/ Robert S. Besser

_____
Robert S. Besser, Esq.
Christopher Chapin, Esq.
LAW OFFICES OF ROBERT S. BESSER
Joseph P. Costa, Esq.
Darius Anthony Vosylius
Lindsay T. Cinotto
COSTA ABRAMS & COATE, LLP
Attorneys for Plaintiff
VMG SALSOUL LLC

1    Dated: August 19, 2013                    /s/ Peter J. Anderson

2                                    _____
                                        Peter J. Anderson, Esq.
3                                   LAW OFFICES OF PETER J. ANDERSON
                                        A Professional Corporation
4                                        Attorney for Defendants
                                    WARNER BROS. RECORDS INC. and
5                                    WARNER MUSIC GROUP CORP.

6

7    Dated: August 19, 2013                    /s/ Robert H. Horn

8                                    _____
                                        Robert H. Horn, Esq.
9                                   Sandra A. Crawshaw-Sparks, Esq.
                                        Alexander Kaplan, Esq.
10                                       Susan L. Gutierrez, Esq.
                                        PROSKAUER ROSE LLP
11                                       Attorneys for Defendants
                                    MADONNA LOUISE CICCONE,
12                                       WEBO GIRL PUBLISHING
                                    and WB MUSIC CORPORATION,

13

14   Dated: August 19, 2013                    /s/ Richard Busch

15                                   _____
                                        Richard Busch, Esq.
16                                       Paul Duvall, Esq.
                                        KING & BALLOW
17                                       Attorneys for Defendants
                                    SHEP PETTIBONE and
18                                    LEXOR MUSIC, INC.

19

20                        **Attestation Regarding Signatures**

21        The undersigned attests that all signatories listed, and on whose behalf this

22   filing is submitted, concur in this filing's content and have authorized its filing.

23   Dated: August 19, 2013                    /s/ Peter J. Anderson

24                                   _____
                                        Peter J. Anderson, Esq.
25

26

27

28

                                        5