LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV-12-05967-BRO-(CWx) | Date | April 28, 2014 |
|---|---|---|---|
| Title | VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al. | | |

Present: The Honorable **BEVERLY REID O'CONNELL, United States District Judge**

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      (IN CHAMBERS)

ORDER RE Motion for Attorneys' Fees and Costs under 17 U.S.C. §505
[126, 127, 128]

## I. Introduction and Background

Before the Court is a Motion for Attorneys' Fees and Costs pursuant to 17 U.S.C. §505 filed by Defendants Shep Pettibone and Lexor Music, Inc. (collectively "Pettibone"). (Dkt. No. 126.) Defendants Warner Music Group, Warner Bros Records Inc., Madonna Louise Ciccone, WB Music Corporation, and Webo Girl Publishing Inc. filed joinders in the Motion for Attorneys' Fees. (Dkt. Nos. 127, 128.) After consideration of the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for decision without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

On July 11, 2012, VMG Salsoul LLC ("Plaintiff") filed a Complaint alleging Defendants committed copyright infringement. (Dkt.) On July 12, 2013, Plaintiff filed a first amended complaint. (Dkt. No. 96.) Plaintiff sought "profits which are attributable to the use of the composition and sound recording entitled 'Love Break' or alternatively, for statutory damages for willful infringement of copyright," as well as costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505. (Dkt. No. 96 at 6.)

Prior to Plaintiff's amendments, Defendants filed a motion to dismiss Plaintiff's complaint on October 19, 2012. (Dkt. No. 18.) On January 29, 2013, Judge Steven Wilson ("Judge Wilson") denied the Motion to Dismiss. (Dkt. No. 29.)  Defendants moved to dismiss Plaintiff's complaint because the alleged copying was *de minimis*. (Dkt. No. 18 at 2.) Judge Wilson ruled that

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | **CV-12-05967-BRO-(CWx)** | | Date | April 28, 2014 |
|----------|---------------------------|--|------|----------------|
| Title | **VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al.** | | | |

[a]lthough Defendants' argument may have merit, the Court finds that this argument is better suited for summary judgment: in the context of a musical composition and/or sound, the cases identified by the parties and the Court have ruled on a *de minimis* defense on a motion for summary judgment, rather than a motion to dismiss.

(Dkt. No. 29 at 5) (citing *Newton v. Diamond*, 388 F.3d 1189, 1195 (9th Cir. 2004)).

On November 18, 2013, the Court granted Defendants' motions for summary judgment, finding that the alleged infringement of the musical composition was not sufficiently original to be copyrightable and that any alleged sampling was *de minimis*. (Dkt. No. 116.) On December 2, 2013, the Court entered Judgment in favor of Defendants. (Dkt. No. 122.) Defendants now seek the Court to award them $874,647.25 in attorneys' fees and $161,105.26 in costs. The seven Defendants were represented by three law firms.

After finding some of the fees and costs to be unreasonable and unnecessary to the litigation, the Court declines to award the full amount requested. For the following reasons, the Court **GRANTS** Defendants' Motion and awards $670.117.25 in attorneys' fees and $50,055.00 in costs.

## II. Legal Standard

The Copyright Act of 1976 permits a court to "award a reasonable attorneys' fee to the prevailing party." 17 U.S.C. § 505; *see also Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 614 (9th Cir. 2010) (citing 17 U.S.C. § 505). Attorneys' fees are proper when either successful prosecution or successful defense of the action furthers the purposes of the Copyright Act. *Fantasy, Inc. v. Fogerty,* 94 F.3d 553, 558 (9th Cir. 1996). In determining whether a party is entitled to attorneys' fees, courts must apply the same standard to prevailing plaintiffs and defendants. *Fogerty v. Fantasy, Inc. ("Fogerty II")*, 510 U.S. 517, 534 (1994).

"[A]n award of attorneys' fees to a prevailing defendant that furthers the underlying purposes of the Copyright Act is reposed in the sound discretion of the district courts . . ." *Fantasy,* 94 F.3d at 555. In determining whether to award a prevailing

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV-12-05967-BRO-(CWx)** | Date | April 28, 2014 |
|----------|---------------------------|------|----------------|
| Title | **VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al.** | | |

defendant attorneys' fees the court should consider the following factors: (1) defendant's degree of success obtained on the claim, (2) the frivolousness of plaintiff's claim, (3) the objective reasonableness of plaintiff's factual and legal arguments, (4) plaintiff's motivation in bringing the lawsuit, and (5) the need for compensation and deterrence. *Id.* at 558. This does not represent an exhaustive list and all factors need not be met. *Id.*

### III. The *Fogerty* Test

#### A. Degree of Success

Under the first factor, the Court weighs the party's degree of success in a lawsuit. *See Fantasy,* 94 F.3d at 559. This factor weighs more in favor of a party who prevailed on the merits, rather than on a technical defense. *See id.* The Ninth Circuit has identified such technical defenses as "statute of limitations, laches, or the copyright registration requirements." *Id.* at 556. Here, Defendants prevailed on the merits. The Court granted Defendants Motions after finding the "Horn Hit" was not sufficiently unique to be a copyrightable part of the musical composition. (Dkt. No. 116 at 14-15.) Additionally, the Court found that the alleged infringement of the sound recording was so trivial "that no reasonable audience would find the sampled portions qualitatively or quantitatively significant in relation to the infringing work, nor would they recognize the appropriation." (Dkt. No.116 at 21.) The Court finds that the degree of success factor weighs in favor of Defendants.

#### B. Frivolousness

Under the second factor, the Court examines whether the underlying lawsuit was frivolous. *Fantasy*, 94 F.3d at 569. The Court finds that this factor is not decisive as Supreme Court precedent has held that "a finding of bad faith, frivolous or vexatious conduct is no longer required." *Id.* at 560; *see Fogerty II,* 510 U.S. at 532–533 n.18. Because a finding of frivolity is not essential to award attorneys' fees, the Court will not discuss this factor further.

\\
\\
\\
\\

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV-12-05967-BRO-(CWx)** | Date | April 28, 2014 |
|---|---|---|---|
| Title | **VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al.** | | |

### C. Objective Reasonableness of Plaintiff's factual and legal arguments

Under the third factor, a court must consider the objective reasonableness of a party's claims, "both in the factual and in the legal components of the case." *Perfect 10, Inc. v. CCBill LLC,* 488 F.3d 1102, 1120 (9th Cir. 2007) (citing *Fogerty II,* 510 U.S. at 534 n.19). After weighing the factual and legal arguments, the Court finds Plaintiff was unreasonable in pursuing its claim.

To successfully establish a copyright infringement claim, a plaintiff must demonstrate (1) plaintiff's ownership of the copyright, (2) the defendant's access to plaintiff's work, and (3) substantial similarity between plaintiff's work and the allegedly infringing material. *Berkic v. Crichton,* 761 F.2d 1289, 1291 (9th Cir. 1985).

### 1. Ownership

At the outset, Plaintiff should have been aware there would be challenges to the ownership of the infringed work. In 1982 or 1983, Plaintiff's predecessor hired Mr. Pettibone to create remixes using old master tracks from the Salsoul Record label. (Dkt. No. 72 at 18.) Mr. Pettibone remixed *Chicago Bus Stop* to create *Love Break*. (Dkt. No. 72 at 18.) Subsequent to this, in 1989 or 1990's, Mr. Pettibone created *Vogue*. (Dkt. No. 72 at 17.) Plaintiff alleged Mr. Pettibone sampled portions of *Love Break*, without permission when he created *Vogue*. (Dkt. No. 96 ¶ 25.) Mr. Pettibone counters these allegations by arguing that he has an ownership interest in the work. Because he worked without a work for hire agreement, Mr. Pettibone argues he was an author and thus cannot be sued for infringement. (Dkt. No. 126-1 at 10 nn.2, 15.) Though the Court did not decide this issue, Plaintiff was on notice of this potential defense at the outset of the litigation.

### 2. Access to Plaintiff's Work

At the outset, Plaintiff could have anticipated a defense of unclean hands. In part, Plaintiff's evidence about access to the infringed work was sourced from Plaintiff's corporate officers who were also involved in *Vogue*'s creation. Plaintiff's CEO, Mr. Curt Frasca, and former Vice President, Mr. Tony Shimkin were admittedly involved in the creation of *Vogue* and the *Vogue* club remixes. Mr. Frasca worked as an assistant

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV-12-05967-BRO-(CWx)** | Date | April 28, 2014 |
|----------|---------------------------|------|----------------|
| Title | **VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al.** | | |

engineer on the original *Vogue*. (Dkt. No. 67-8, SOF ¶ 85.) He also worked alongside Mr. Shimkin and Mr. Pettibone as an assistant engineer on the *Vogue* post production remixes. (Dkt. No. 67-8, SOF ¶ 85.) "The defense of unclean hands by virtue of copyright misuse prevents the copyright owner from asserting infringement and asking for damages when the infringement occurred by his dereliction of duty." *Supermarket of Homes, Inc. v. San Fernando Valley Bd. of Realtors*, 786 F.2d 1400, 1408 (9th Cir. 1986) (citing *Tempo Music, Inc. v. Myers*, 407 F.2d 503, 507 (4th Cir. 1969)). The Court was unable to reach this issue due to disputed facts and credibility determinations; however, Plaintiff was on notice of this defense at the outset of the lawsuit.

### 3. Copying

Plaintiff argues that the Court erred in granting summary judgment for finding a *de minimis* use because "no substantial similarity or de minimis inquiry should be undertaken at all when the defendant has not disputed that it digitally sampled a copyrighted sound recording."[1] (Dkt. No. 130 at 6) (quoting *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 798 (6th Cir. 2005) (internal quotation marks omitted). The Court was not persuaded by Plaintiff's use of the *Bridgeport* case in its opposition to Defendants' summary judgment motions. This Court is not alone. In *Saregama India Ltd. v. Mosley*, a Florida district court rejected the reasoning of *Bridgeport*. 687 F. Supp. 2d 1325, 1341 (S.D. Fla. 2009) *aff'd*, 635 F.3d 1284 (11th Cir. 2011). Citing to *Nimmer on Copyright*, *Saregama* questioned *Bridgeport*'s interpretation of the Copyright Act. *Id*. at 1341. *Saregama* looked to "Section 114(b)'s similar-sounding work provision," which "governs the relationship between similar-sounding sound recordings and whether they share captured sound." *Id*. While *Bridgeport* sought to impose a distinction for sampling claims, *Saregama* found "no indication . . . that this provision relates to works which are not similar-sounding or that Congress otherwise sought to abandon the substantial similarity inquiry." *Id*.

---

[1] Initially, Plaintiff alleged and argued that Defendants sampled strings, horns, congas, a percussion instrument called a vibraslap and vocals chanting the words "Love Break." Plaintiff later conceded at summary judgment that its sole claim was based on the alleged use of the quarter-second, single-chord "Horn Hit". (Dkt. No. 116 n.4.)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV-12-05967-BRO-(CWx) | Date | April 28, 2014 |
|----------|-----------------------|------|----------------|
| Title | VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al. | | |

*Nimmer* is also direct in its critique of *Bridgeport*'s bright-line rule for sampling cases. According to *Nimmer*, the *Bridgeport* court misinterpreted Section 114(b)[2] of the Copyright Act and its "conclusion rests on a logical fallacy." 4–13 Nimmer on Copyright § 13.03[A][2][b]. *Nimmer* argues Section 114(b) "contains no implication that partial sound duplications are to be treated any differently from what is required by the traditional standards of copyright law-which, for decades prior to adoption of the 1976 Act and unceasingly in the decades since, has included the requirement of substantial similarity." *Id.* For support, *Nimmer* points to the legislative history of the Copyright Act, which *Bridgeport* disregarded. *Id.*; *see Bridgeport*, 410 F.3d at 805. Congress explicitly noted in the legislative history:

> Subsection (b) of section 114 makes clear that statutory protection for sound recordings extends *only to the particular sounds of which the recording consists, and would not prevent a separate recording of another performance in which those sounds are imitated.* Thus, infringement takes place whenever *all or any substantial portion* of the actual sounds that go to make up a copyrighted sound recording are reproduced in phonorecords by repressing, transcribing, recapturing off the air, or any other method, or by reproducing them in the soundtrack or audio portion of a motion picture or other audiovisual work. *Mere imitation of a recorded performance would not constitute a copyright infringement even where one performer deliberately sets out to simulate another's performance as exactly as possible.*

---

[2] The *Bridgeport* court was persuaded by the 1976 Copyright Act's addition of the word "entirely" into the following sentence:

> The exclusive rights of the owner of copyright in a sound recording under clauses (1) and (2) of section 106 do not extend to the making or duplication of another sound recording that consists entirely of an independent fixation of other sounds, even though such sounds imitate or simulate those in the copyrighted sound recording.

4–13 Nimmer on Copyright § 13.03[A][2][b] (quoting 17 U.S.C. 114(b)); *see Bridgeport*, 410 F.3d at 800-01.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV-12-05967-BRO-(CWx) | Date | April 28, 2014 |
|---|---|---|---|
| Title | VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al. | | |

17 U.S.C. § 114, H.R. REP. No. 94–1476, at 106, 1976 U.S.C.C.A.N. 5659, 5721 (emphasis added). Section 114(b) and its corresponding legislative history do "not seem to support the distinction between sound recordings and all other forms of copyrightable work that the *Bridgeport* court imposes." *Saregama*, 687 F. Supp. 2d at 1341.

Plaintiff should have been on notice that Defendants would assert a *de minimis* defense. First, *Bridgeport* is an admitted departure from established jurisprudence. *See Bridgeport*, 410 F.3d at 802 (stating that its "holding arguably set[] forth a new rule.") Second, Plaintiff had at least a minimal awareness of *Nimmer*'s critique of *Bridgeport*, having cited the treatise in its opposition to the motion for summary judgment and the motion attorneys' fees.[3]

Third, Defendants argued in their motion to dismiss that the alleged infringement, if any, was *de minimis*. (Dkt. No. 29 at 4.) The Court was not prepared to rule on the merits of Plaintiff's case at the motion to dismiss stage; however, it did discuss *Newton v. Diamond*'s reasoning that the "*de minimis* exception 'has long been a part of copyright law,' and 'reflects the legal maxim, *de minimis non curatlex*.'" (Dkt. No. 29 at 4) (quoting *Newton*, 388 F.3d at 1193). Subsequent to that Order, Plaintiffs moved to amend their complaint to delete the language that would lend support to Defendants *de minimis* defense including: "intentionally hidden," "intentionally disguised," as well as language supporting its theory that the copying was only detectible through the use of new wave form technology. (Dkt. No. 59-6 ¶¶ 21, 23, 24.) Defendants were forced to defend against Plaintiff's claims after pointing out this potential weakness in Plaintiff's case. In *Scott v. Meyer*, a similar finding persuaded the district court to award attorneys' fees. No. CV 09-6076 ODW(RZX), 2010 WL 2569286, at *3 (C.D. Cal.

---

[3] First, Plaintiff cited *Nimmer* when it discussed a potential *de minimis* defense in opposition to the joinder in the motion for summary judgment. (Dkt. No. 111 at 17.) Second, throughout Mr. Vosylius's declaration in opposition to the Motion for Attorneys' Fees, he cites to *Nimmer*, referencing the *Bridgeport* cases. (Dkt. No. 137 ¶ 36.) Though Mr. Vosylius relies on *Nimmer* to substantiate his argument that Mr. Busch employs "take no prisoners" litigation tactic, it shows that Plaintiff was at the least familiar with *Nimmer*'s coverage of the *Bridgeport* cases. Plaintiff's own papers demonstrate that it was aware of this potential defense.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV-12-05967-BRO-(CWx)** | Date | April 28, 2014 |
|---|---|---|---|
| Title | **VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al.** | | |

June 21, 2010) ("Defendants were forced to defend against [p]laintiff's claims even after pointing out the fatal flaws from which her lawsuit suffered.").

In sum, the Court finds that Plaintiff's lawsuit was objectively unreasonable. *See Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 890 (9th Cir. 1996) (affirming district court's award after finding that a case while not frivolous was factually unreasonable). Prior to litigation, Plaintiff was on notice as to potentially meritorious defenses including: Mr. Pettibone's ownership interest in *Love Break* and the application of the unclean hands doctrine. During litigation, Defendants put Plaintiff on notice as to the *de minimis* defense, pointing to Plaintiff's own allegations that the sampled portions were "deliberately hidden by Defendants within 'Vogue' so as to avoid detection." (Dkt. No. 1 ¶ 23.) Accordingly, the objective reasonableness *Fogerty* Factor weighs in favor of awarding attorneys' fees.

### D. Motivation

Under the fourth factor, the Court determines whether the party demonstrated a bad faith motivation in litigating the case. *See Fantasy*, 94 F.3d at 558. As discussed above, a finding of bad faith is not necessary to grant Defendants Motion. *See id.* (Requiring bad faith is "too narrow a view of the purposes of the Copyright Act because it fails to adequately consider the important role played by copyright defendants." (internal quotation marks omitted))  The Court cannot find that Plaintiff acted in bad faith. As such, the Court finds the motivation factor is a neutral for both parties. While motive may not be clear, it is apparent that Plaintiff understood the potential consequences of pursuing a claim for copyright infringement. Plaintiff also requested attorneys' fees and costs in its FAC. (FAC ¶ 29(2)-(3).)

### E. Need for Compensation and Deterrence

Under the fifth factor, the Court determines whether an award for defendants would "advance considerations of compensation and deterrence." *Wild v. NBC Universal, Inc.*, No. CV 10-3615 at *4 (C.D. Cal. July 18, 2011) (order granting motion for attorneys' fees) (quoting *Fantasy*, 94 F.3d at 558 n.2).

---

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV-12-05967-BRO-(CWx)** | Date | April 28, 2014 |
|---|---|---|---|
| Title | **VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al.** | | |

Plaintiff argues that the Court should not impose attorneys' fees because it exhibited diligence, investigating its lawsuit a year before filing its Complaint. The Court finds that this argument support both sides.  In Plaintiff's favor, during its pre-litigation investigation it obtained the expert opinion of Dr. Alexander Stewart ("Dr. Stewart"). According to Dr. Stewart, sampling occurred. In favor of Defendants, is the lack of technological evidence obtained during the pre-litigation investigation. In its initial Complaint, Plaintiff purported that the sampling could be proven through the use of a new technology. (Dkt. No. 1 ¶ 23.) Contrary to its initial representations, Plaintiff now readily admits that waveform analysis conducted prior to filing its Complaint was *inconclusive*. (Dkt. No. 136 at 4-5.)

Instead, the Court is persuaded to award Defendants attorneys' fees and costs because Defendants furthered the Copyright Act's important policies of encouraging the creation of new works, demarcating the scope of the Copyright Act and encouraging defendants to litigate meritorious defenses. As a sophisticated party, Plaintiff should be responsible for reasonable attorneys' fees.

### IV. Attorneys' Fees

An award of attorneys' fees must be reasonable.[4] 17 U.S.C. § 505. The reasonableness of a party's fee calculation is determined by the "lodestar method." *Morales v. San Rafael,* 96 F.3d 359, 363 (9th Cir. 1996) (citing *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987)). "The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).

---

[4] Defendants object to the declaration of Darius Anthony Vosylius ("Mr. Vosylius"). (Dkt. No. 137.) The Court **OVERRULES** Defendants' objections. The Court, however agrees that much of the declaration is devoted to irrelevant material, such as defense counsel's litigation tactics in other cases. (*See* Dkt. No. 131, Vosylius Decl. ¶¶ 35-36.) The Court did not consider this irrelevant material in arriving at its decision.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**


**CIVIL MINUTES – GENERAL**

| Case No. | **CV-12-05967-BRO-(CWx)** | Date | April 28, 2014 |
|---|---|---|---|
| Title | **VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al.** | | |

The Court may then consider whether to enhance or reduce the lodestar figure based on twelve factors: (1) the time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Gilbert v. New Line Prods., Inc.*, CV 09-02231-RGK RZ40, 2010 WL 5790688, at *5 (C.D. Cal. Dec. 6, 2010) *aff'd in part, vacated in part, remanded,* 490 F. App'x 34, 37 (9th Cir. 2012) (holding that *Gilbert* "properly considered the appropriate factors" in awarding attorneys' fees though it was remanded to clarify the amount); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

Defendants seek a total of $1,015,796.50 in fees and "non-taxable" costs. (Dkt. No. 131, Vosylius Decl. ¶ 2.) There were seven defendants and three law firms involved in this case. The Court agrees that the number of firms appearing for the various defendants in this case is a direct consequence of the number of defendants that Plaintiff chose to sue. (Dkt. No. 138-1, Crawshaw-Sparks ¶ 3.) The Court is not persuaded by Plaintiff's argument that the Defendants did not require individual representation.[5] As such, the Court will examine the request for fees specific to each law firm.

\\
\\
\\
\\
\\
\\
\\
\\

---

[5] Plaintiff also argues that it should not be forced to bear Defendants' attorneys' fees because it suspects the Defendants are being indemnified by an insurance carrier. (Dkt. No. 131, Vosylius Decl. ¶¶ 29-30.) Plaintiff offers only circumstantial evidence to support this argument. In any event, it offers no case authority demonstrating that the Court should disregard an attorney fee motion for this reason.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV-12-05967-BRO-(CWx) | | Date | April 28, 2014 |
|---|---|---|---|---|
| Title | VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al. | | | |

| Total Number of Hours and Billing Rates Requested[6] | | | | |
|---|---|---|---|---|
| | Proskauer Rose | King and Ballow | Peter J. Anderson | Total |
| Pre-Judgment Hours | 618[7] | 1,154.5[8] | 78.8[9] | 1,851.3 |
| Billing Rate | $495-750[10] | $225-375[11] | $330[12] | - |
| Total (w/o Attys' Fees M.) | $453,777.25[13] | $312,645.5[14] | $26,004[15] | $792,426.75 |
| Total (w/ Attys' Fees M.) | $511,054.25[16] | $362,371.5[17] | $30,195[18] | $874,856.25 |

---

[6] The Court did not include costs in this chart. Costs claimed by Defendants total $161,105.26.

[7] (Dkt. No. 128-2, Crawshaw-Sparks Decl. ¶ 13.)

[8] (Dkt. No. 131, Vosylius Decl. ¶ 21.)

[9] (Dkt. No. 139, Anderson Decl. ¶ 1.)

[10] (Dkt. No. 128-2, Crawshaw-Sparks Decl. ¶ 9.)

[11] (Dkt. No. 126-4, Busch Decl. ¶ 25.)

[12] (Dkt. No 127-1, Anderson Decl. ¶ 6.)

[13] (Dkt. No. 128-2, Crawshaw-Sparks Decl. ¶ 13.)

[14] (Dkt. No. 126-4, Busch Decl. ¶ 27.)

[15] (Dkt. No. 139, Anderson Decl. ¶ 1.)

[16] Proskauer spent 42 hours on the joinder in this Motion, totaling $35,462 and 28.9 hours on the reply, totaling $21,815. (Dkt. No. 128-2, Crawshaw-Sparks ¶ 15); (Dkt. No. 138, Ex. A.)

[17] King and Ballow incurred $29,193.50 in compiling the Motion for Attorneys' Fees moving papers and $20,532.50 in responding to evidentiary objections and composing a reply. (Dkt. No. 126-4, Busch Decl. ¶ 27); (Dkt. No. 136-1, Busch Decl. ¶¶ 44-43.)

[18] Mr. Anderson incurred $2,244 in attorneys' fees through the filing of the Motion for Attorneys' Fees and $1,947 in reviewing the opposition and compiling the reply. (Dkt. No. 139, Anderson Decl. ¶¶ 2, 3.)

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV-12-05967-BRO-(CWx)** | Date | April 28, 2014 |
|---|---|---|---|
| Title | **VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al.** | | |

| Total Number of Hours and Billing Rates Awarded | | | | |
|---|---|---|---|---|
| | Proskauer Rose | King and Ballow | Peter J. Anderson | Total |
| Pre-Judgment Hours | 562.3 | 985.6 | 78.8 | 1,626.7 |
| Billing Rate | $380-600 | $225-375 | $330 | - |
| Total (w/o Attys' Fees M.) | $328,998 | $267,674.25 | $26,004 | $622,676.25 |
| Total (w/ Attys' Fees M.) | $354,946 | $284,976.25 | $30,195 | $670,117.25 |

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

LINK:

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV-12-05967-BRO-(CWx) | | Date | April 28, 2014 |
|---|---|---|---|---|
| Title | VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al. | | | |

| Number of Hours per Motion[19] | | | | |
|---|---|---|---|---|
| | Motion to Dismiss | Opposition to Leave to Amend | Motion for Summary Judgment | Motion for Attorney Fees |
| Proskauer | 5.25[20] | 16 | 158.55 | 70.9[21] |
| King and Ballow | 95.2[22] | 65.4[23] | 496.9[24] | 189.2[25] |
| Peter J. Anderson | - | - | 78.8[26] | 12.7[27] |
| Total | 100.45 | 81.4 | 734.25 | 272.8 |

\\
\\
\\
\\

---

[19] The Court compared the figures provided by Defendants and Plaintiff with the firms' invoices.

[20] Proskauer's figures were derived by reviewing the firm's invoices. Neither Defendants nor Plaintiff provided an itemization of hours per motion.

[21] Ms. Crawshaw-Sparks argues that the full 42.8 hours was not spent compiling the Motion for Attorneys' Fees; however, she does not provide the Court with an exact figure. (Dkt. No. 138 ¶ 5 n. 2.)

[22] (Dkt. No. 131, Vosylius Decl. ¶ 56.)

[23] (Dkt. No. 131, Vosylius Decl. ¶ 60.)

[24] (Dkt. No. 131, Vosylius Decl. ¶ 58.)

[25] (Dkt. No. 126-4, Busch Decl. ¶ 25); (Dkt. No. 136-1 ¶¶ 43, 42.)

[26] Because WBR was added to this action when the case was poised for summary judgment, the Court included all of Mr. Anderson's hours in this category, aside from those spent on the Motion for Attorneys' Fees.

[27] (Dkt. No. 139 ¶¶ 1-3); (Dkt. No. 139, Anderson Decl., Ex. 3.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV-12-05967-BRO-(CWx) | | Date | April 28, 2014 |
|---|---|---|---|---|
| Title | VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al. | | | |

| Number of Hours per Motion Awarded | | | | |
|---|---|---|---|---|
| | Motion to Dismiss | Opposition to Leave to Amend | Motion for Summary Judgment | Motion for Attorney's Fees |
| Proskauer | 2.25 | 8 | 120 | 44.2 |
| King and Ballow | 77.2 | 32.7 | 400 | 61.3 |
| Peter J. Anderson | - | - | 78.8 | 12.7 |
| Total | 79.45 | 40.7 | 598.8 | 118.2 |

**A. Proskauer Rose LLC**

Proskauer Rose LLC ("Proskauer") represented three of the seven Defendants: WB Music Corporation ("WB Music Corp."), Webo Girl Publishing, Inc. ("Webo Girl"), and Madonna Louise Ciccone ("Madonna") (collectively "Proskauer Clients"). (Dkt. No. 128-2, Crawshaw-Sparks Decl. ¶ 3.) Proskauer has longstanding relationships with each of the Proskauer clients.[28] (Dkt. No. 138-1, Crawshaw-Sparks ¶ 3.) In total, the Proskauer Clients request that the Court award $511,054.25 in attorney's fees. (Dkt. No. 128-2, Crawshaw-Sparks Decl. ¶ 16); (Dkt. No. 138, Crawshaw-Sparks Decl. ¶¶ 1, 2.) Under the lodestar method, the Court looks to the billing rates and the time expended by the Proskauer Clients. *In re Bluetooth*, 654 F.3d at 941 (holding that the district court abused its discretion by not providing an explicit calculation or explanation of attorneys' fees). First, the Court finds that the Proskauer Clients have not met their burden to show Proskauer's billing rates were reasonable. Accordingly, The Court finds it reasonable to reduce Proskauer's hourly billing rate. *See Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984) (affirming district court's decision to award half of attorneys' desired fees). Second, the Court finds that the Proskauer Clients have largely met their burden to show that the amount of time expended was reasonable.

---

[28] In her declaration, Ms. Crawshaw-Sparks explained that she has represented Madonna in litigation matters for virtually her entire recording career and WB Music Corp. for many years. (Dkt. No. 128-2, Crawshaw-Sparks Decl. ¶ 6(a).)

LINK:

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV-12-05967-BRO-(CWx)** | Date | April 28, 2014 |
|---|---|---|---|
| Title | **VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al.** | | |

> **1. The Proskauer Clients fail to show the reasonableness of Proskauer's billing rates.**

The Proskauer Clients have not carried their burden to show the reasonableness of Proskauer's billing rates. "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan,* 815 F.2d at 1263; *see also Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 150-51 (2d Cir. 2001) ("The Court looks to "the prevailing market rate in the community" to determine reasonable attorneys' fees."). The Proskauer Clients provide a breakdown of attorneys' fees by attorney with the billing rate and number of hours expended prior to the filing of this motion as follows: Sandra A. Crawshaw-Sparks ("Ms. Crawshaw-Sparks") spent approximately 238 hours at a billing rate of $750, totaling $177,975[29]; Alexander Kaplan ("Mr. Kaplan") spent approximately 287 hours at a billing rate of $750, totaling $215,700; Robert H. Horn ("Mr. Horn") spent approximately 50.25 hours at a billing rate of $675-$725, totaling $35,561.25; and Susan L. Gutierrez ("Ms. Gutierrez") spent approximately 41 hours at a billing rate ranging from $495-$595, totaling $24,541. (Dkt. No. 128-2, Crawshaw-Sparks ¶ 13.)

The Proskauer Clients offer a declaration from Bert H. Deixler ("Mr. Deixler"), the former managing partner of Proskauer's Los Angeles office, to support their hourly rates. "Affidavits of the plaintiff's attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990). Prior to resigning from Proskauer, Mr. Deixler declared his "hourly rate was to be raised to $900 from its prior rate of $875 per hour." (Dkt. No. 128-1, Deixler Decl. ¶ 4.) Mr. Deixler adds that "lawyers at top law firms in Los Angeles with the skills, experience, and reputation of Ms. Crawshaw, Mr. Horn, and Mr. Kaplan are paid hourly rates between $600 and more than $1,000 for their work on entertainment and copyright litigation matters such as this one." (Dkt. No. 128-1, Deixler Decl. ¶ 9.) While Mr. Deixler declares

---

[29] Ms. Crawshaw-Sparks did not bill for some of the hours spent attending the Court's hearings. (Dkt. No. 128-2, Crawshaw-Sparks Decl. ¶ 13 n.2.)

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV-12-05967-BRO-(CWx)** | Date | April 28, 2014 |
|----------|---------------------------|------|----------------|
| Title | **VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al.** | | |

that billing rate ranges for top tier attorneys are on the rise, the Proskauer Clients provide no comparable cases awarding such fees.

The Court may rely on decisions by other courts awarding similar rates for work in the same geographical area by attorneys with comparable levels of experience. *See, e.g., Nadarajah v. Holder,* 569 F.3d 906, 917 (9th Cir. 2009) (affirming award of attorneys' fees at rate of $500.00/hour where party had submitted a declaration describing her experience and attached copies of fee awards in the same geographical area where counsel had comparable experience); *see generally ExperExchange, Inc. v. Doculex, Inc.*, C-08-03875 JCS, 2010 WL 1881484, at *6 (N.D. Cal. May 10, 2010). In *Duckhole Inc. v. NBCUniversal Media LLC*, this Court found a partner's billing rate of $580, and a third year associate's rate of $380 to be reasonable. No. CV 12-10077, 2013 WL 5797204, at *5 (C.D. Cal. Oct. 25, 2013) (awarding defendants $65,781.00 in attorneys' fees and non-taxable expenses in the amount of $289.51 after succeeding on their motion to dismiss because the works lacked in substantial similarity). The Court acknowledges that counsel in *Fantasy* was awarded $1.3 million in attorney's fees and costs for representation; however, the Court finds this case distinguishable. 94 F.3d at 556. *Fantasy* was litigated from jury verdict all the way to the Supreme Court. *Id.* ("On remand [from the Supreme Court], the district court granted Fogerty's motion and, after reviewing extensive billing records, awarded $1,347,519.15."). In reaching its decision in *Duckhole Inc.*, the Court was persuaded by the district court decision *Goldberg v. Cameron*, which found the hourly rates of partners at Greenberg Glusker in Los Angeles for $550 an hour to be reasonable in a 2009 copyright case. No. C-05-03534 RMW, 2011 WL 3515899, at *7 (N.D. Cal. Aug. 11, 2011).

Here, the Court finds that the Proskauer Clients offer no comparable precedent justifying hourly fee rates in the amount of $750. The Proskauer Clients were free to select the quality and level of advocacy for their case, but they "may not impose [their] own approach on a losing adversary." *Queenie, Ltd. v. Nygard Int'l*, 204 F. Supp. 2d 601, 608 (S.D.N.Y. 2002) (awarding $200,000 to prevailing defendant, after discounting excessive hours). The fee awarded by the Court in *Duckhole* is much closer to that awarded in other copyright cases. Given the long-standing relationship between Ms. Crawshaw-Sparks and the Proskauer Clients, the Court finds it appropriate to adjust this fee from $580 to $600 an hour. Six-hundred dollars an hour is the low end estimate suggested by Mr. Deixler. (Dkt. No. 128-1, Deixler Decl. ¶ 9.) Additionally, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV-12-05967-BRO-(CWx) | Date | April 28, 2014 |
|---|---|---|---|
| Title | VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al. | | |

reduces the rates of Ms. Gutierrez to $380 an hour. This reduces Proskauer's requested attorney fee award from $511,054.25 to $402,698. [30] The Court now turns to the reasonableness of the hours billed.

### 2. Proskauer largely meets its burden to show the amount of time was reasonable.

Proskauer's records largely reflect reasonable expenditures of time, but the Court finds five areas where it is appropriate to reduce the hours billed. Throughout its representation of the Proskauer Clients, Proskauer coordinated with the other Defendants in an effort to avoid the unnecessary duplication of tasks. [31] For example, Proskauer permitted Mr. Pettibone's counsel to take the lead in deposition questioning to save time. (Dkt. No. 128-2, Crawshaw-Sparks Decl. ¶ 4.) Additionally, the Proskauer Clients did not retain separate experts from Pettibone, saving significant additional attorneys' fees and expert costs. (Dkt. No. 128-2, Crawshaw-Sparks Decl. ¶ 4.) Finally, in an effort to reduce costs Proskauer retracted legal fees incurred by Charles Ortner, a senior partner. (Dkt. No. 128-2, Crawshaw-Sparks Decl. ¶ 6(d) n.3.) The Court acknowledges that Defendants strategized to effectively share the workload and where appropriate "filed only one brief in support or opposition to each motion." (Dkt. No. 128-2, Crawshaw-Sparks Decl. ¶ 4.) The Proskauer Clients filed a joinder in Mr. Pettibone's motion to

---

[30] The Court arrived at this figure by multiplying the pre-judgment hours expended by Ms. Crawshaw-Sparks (238), Mr. Kaplan (287), and Mr. Horn (50.25) by the new hourly billing rate of $600 and the pre-judgment hours expended by Ms. Gutierrez (41) by the new hourly billing rate of $380. (Dkt. No. 128-2, Crawshaw Sparks Decl. ¶ 13.) This totaled $360,730 . The Court followed the same process for the post-judgment hours expended by Ms. Crawshaw-Sparks, Mr. Kaplan, and Mr. Horn (collectively 68.3) and the post-judgment hours expended by Ms. Gutierrez (2.6). (Dkt. No. 128-2, Crawshaw-Sparks Decl., Ex. B; Dkt. No. 138-1, Crawshaw-Sparks Decl., Ex. A.) This totaled $41,968.

[31] The Court is not persuaded by Plaintiff's argument that Mr. Pettibone has an obligation to indemnify all remaining defendants. According to Mr. Pettibone's declaration, he had an obligation only to indemnify one of Proskauer's clients, WB Music Corp. (Dkt. No. 126-2, Pettibone Decl. ¶ 9.) Plaintiff provides no authority to persuade the Court that this should warrant reduced legal fees. The other Defendant Mr. Pettibone is obligated to indemnify is Warner Bros Records, which is represented by Mr. Anderson. (Dkt. No. 126-2, Pettibone Decl. ¶ 9.)

---

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV-12-05967-BRO-(CWx)** | Date | April 28, 2014 |
|----------|---------------------------|------|----------------|
| Title | **VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al.** | | |

dismiss, a joinder in Mr. Pettibone's motion for summary judgment and amended motion for summary judgment, and a joinder in the motion for attorneys' fees. (Dkt. Nos. 22, 49, 70, 128.) The Court finds that Proskauer has shown that it acted reasonably to avoid duplicative work.

Though the Court acknowledges' Proskauer's efforts to avoid duplicative work, the Court finds five areas necessitating a fee reduction. The Court reduces the Proskauer Clients' fee award as follows. *See Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989) (It is error to "accept uncritically plaintiffs' counsel's representations concerning the time expended.").

### a. Clerical Reduction

First, the Court finds it necessary to deduct the work that appears "clerical" in nature. Plaintiff objects to 17.1 hours of Proskauer's billing records because the tasks were "clerical in nature." (Dkt. No. 131, Vosylius Decl. ¶ 39.) Ms. Crawshaw-Sparks declares the records cited were not clerical in nature including such tasks as having to: "review documents on court docket"; "prepare pretrial calendar"; "[attend] to deposition logistics."(Dkt. No. 138-1, Crawshaw-Sparks Decl. ¶ 6 n.3.) After reviewing the disputed hours, the Court agrees that some of the listed tasks were "clerical" in nature.[32] "Bates stamping and other labeling of documents, printing and scanning documents, creating indexes, internal filing of documents, database entry, and electronic filing with the district court's cm/ecf system are non-compensable clerical tasks." *JJCO, Inc. v. Isuzu Motors Am., Inc.*, 08-00419 SOM-LEK, 2010 WL 3001924, at *12 (D. Haw. July 30, 2010) *report and recommendation adopted as modified,* No. CIV 08-00419 SOM/LEK, 2010 WL 4272980 (D. Haw. Oct. 21, 2010) (adopting magistrate judge's findings on

---

[32] Clerical tasks attended to by Ms. Gutierrez include those: On May 6, 2013, when she"[p]repare[d] and file[d] motion for summary judgment" for 1 hour; On May 7, 2013, when she "prepare[d] and file [d] motion for summary judgment" for .8 hours; On May 7, 2013, when she "[a]ttend[ed] to service of CDs filed in support of motion for summary judgment . . ." for .3 hours; On July 2, 2013 when she "[a]ssemble[d] audio exhibits and notice of lodging" for .3 hours; and On July 18, 2013 when she "assemble[d] documents per A. Kaplan re preparation for hearing on for summary judgment" for .5 hours. (Dkt. No. 128-2.) Clerical tasks performed by Mr. Horn include when he "attend[ed] to preparing and filing chambers copies of Pettibone motion for summary judgment" and "attend[ed] to lodging CDs in support of motion" for 1.5 hours. (Dkt. No. 128-2.)

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV-12-05967-BRO-(CWx)** | Date | April 28, 2014 |
|----------|---------------------------|------|----------------|
| Title | **VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al.** | | |

attorneys' fees). Courts have reasoned that these tasks are not compensable "because such tasks are 'part of an attorney's overhead and are reflected in the charged hourly rate.'" *Sheehan v. Centex Homes*, 853 F. Supp. 2d 1031, 1044 (D. Haw. 2011) (quoting *id*.). Accordingly, the Court subtracts 2.9 hours from Ms. Gutierrez's time and 1.5 hours from Mr. Horn's time.

## b. Motion to Dismiss Reduction

Second, Proskauer billed 5.25 partner hours to file its joinder in Mr. Pettibone's motion to dismiss. Upon review of the billing records, the Court finds it necessary to reduce this figure to 2.25 hours to reflect an appropriate amount of time to file a joinder.

## c. Leave to Amend Reduction

Third, the Court finds it necessary to reduce the number of hours that were spent opposing Plaintiff's motion for leave to amend. The Court will only award Defendants' half of the fees claimed for compiling their opposition. While Defendants needed to oppose the language changes Plaintiff's proposed to the Complaint, the Court finds that the addition of new Defendants could have been avoided had the parties been more forthcoming regarding the proper party to name in the lawsuit. In contributing to the opposition to leave to amend, Proskauer expended approximately 16 hours in partner time and senior counsel time. The Court finds that 8 of these hours were not necessary in defending the action and accordingly reduces Proskauer's fee award. *See Frank*, 886 F.2d at 1557.

The Court will not reduce the hours Defendants subsequently spent amending their motions for summary judgment. Because the Court granted Plaintiff leave to delete some language from the Complaint, Defendants' amendments to the motions for summary judgment were necessary.

## d. Motion for Summary Judgment Reduction

Fourth, Proskauer billed roughly 136.75 partner and senior counsel hours and 21.8 junior counsel hours to compile the motion for summary judgment. (Dkt. No. 128-2, Ex.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV-12-05967-BRO-(CWx)** | Date | April 28, 2014 |
|---|---|---|---|
| Title | **VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al.** | | |

A.) After reviewing billing records, the Court finds it necessary to reduce the number of partner hours to 98.2.

### e. Motion for Attorneys' Fees Reduction

Fifth, the Court finds it necessary to reduce the fee award for tasks associated with the Motion for Attorneys' Fees. Proskauer spent approximately 70.9 hours in drafting its contribution to the attorneys' fees motion and reply. (Dkt. No. 128-2, Crawshaw-Sparks Decl. ¶ 15.) Only 2.6 of the hours expended were junior associate hours. (Dkt. No. 138-1, Ex. A.) The Court finds it necessary to reduce the number of hours to 20 for the joinder in the Motion for Attorneys' Fees and 24.2 for the reply.

| Proskauer Final Fees | |
|---|---|
| Requested Fee Total | $511,054.25 |
| Fee Total After Reduced Billing Rate | $402,698 |
| Clerical Work Reduction | -$2,002 |
| Motion to Dismiss Reduction | -$1,800 |
| Leave to Amend Reduction | -$4,800 |
| Motion for Summary Judgment Reduction | -$23,130 |
| Motion for Attorneys' Fees Reduction | -$16,020 |
| Total | $354,946 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV-12-05967-BRO-(CWx) | Date | April 28, 2014 |
|---|---|---|---|
| Title | VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al. | | |

In total, the Court awards Proskauer $354,946 of its requested attorneys' fees. The Court finds this amount to be reasonable in light of the number of defendants, complexity of the case, and length of litigation. *See Wall Data Inc. v. L.A. Cnty. Sheriff's Dep't,* 447 F.3d 769, 787 (9th Cir. 2006) (awarding $516,000).

### B. King and Ballow LLC

King and Ballow LLC ("King and Ballow") represented Mr. Pettibone and his music company Lexor Music, Inc. (collectively "Mr. Pettibone"). Richard S. Busch ("Mr. Busch") of King and Ballow served as lead counsel in this action. The Court finds that Mr. Pettibone largely meets his burden to show the reasonableness of his fees.

Mr. Busch, who directed the litigation on behalf of Mr. Pettibone, "allowed the associates to do much of the drafting, research, and review of documents when possible, and [he], when possible, would review and edit documents, rather than draft the documents [himself]." [33] (Dkt. No. 126-4, Busch Decl. ¶ 15.) Mr. Pettibone seeks $312,645.50 in King & Ballow fees for work done through judgment, and $49,725.65 for fees incurred compiling the Motion for Attorneys' Fees, reviewing the opposition, and

---

[33] Plaintiff moved to strike Mr. Busch's, Mr. Levinsohn's, Ms. Crawshaw-Sparks, and Mr. Deixler's declarations which were attached to their respective reply memorandum. (Dkt. No. 141 at 1.) The Court **DENIES** Plaintiff's request to strike these declarations. Defendants have not submitted new evidence as Plaintiff claims. The Court finds that the information provided was properly submitted to rebut points made in Plaintiff's opposition. First, Mr. Busch responded to Plaintiff's attack that they did not identify all associates who worked on the case. Mr. Busch clarified the does were: Robert W. Crump ("RWC"), Jonathan L. Gerber ("JLG"), Candace J. Greer ("CJG"), and C. Hunter Kitchens ("CHK"), who billed between $225-275 per hour, were licensed associate attorneys. (Dkt. No. 141 at 2; *see* Dkt. No. 131 ¶¶ 7, 14-20.) Further he clarified that: Steve Gaches ("SWG"), Steven Turock ("SMT"), and Sherie Johnson ("SAJ"), who billed at $110 per hour or less, were paralegals or secretarial staff. (Dkt. No. 141 at 2; *see* Dkt. No. 131 ¶¶ 7, 14-20.) Second, Defendants submitted Mr. Levinsohn's declaration and billing invoices to support their argument that his fees were necessarily performed in this litigation. (Dkt. No. 126-3 at 2; *see* Dkt. No. 130 at 23.) Third, Ms. Crawshaw-Sparks submitted her declaration to respond to Plaintiff's attack on Proskauer's hourly rates by providing information regarding her experience and her longstanding relationship with the client. (Dkt. No. 128-2 ¶¶ 5-8; Dkt. No. 130 at 22.) Fourth, Defendants offered the declaration of Mr. Deixler to substantiate the level of experience of a Proskauer associate who was tasked with drafting many of the motions. (Dkt. No. 128-1 ¶ 10; *see* Dkt. No. 138-2 ¶ 6.)

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV-12-05967-BRO-(CWx)** | Date | April 28, 2014 |
|----------|---------------------------|------|----------------|
| Title | **VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al.** | | |

composing a reply. (Dkt. No. 126-4, Busch Decl. ¶ 19); (Dkt. No. 136-1, Busch Decl. ¶¶ 42-43.)

While the Court finds King and Ballow's hourly fees to be reasonable, the Court does not find all hours expended were necessary to the defense of the litigation.

> **1. Mr. Pettibone meets his burden to show the billing rates are reasonable.**

The Court finds that the hourly rates charged by King and Ballow fell within the range of rates charged by similarly situated attorneys in the Los Angeles area. Mr. Busch charged $375 per hour for his time. (Dkt. No. 126-4, Busch Decl. ¶ 14.) Paul H. Duvall ("Mr. Duvall") charged $320 for his time. (Dkt. No. 126-4, Busch Decl. ¶ 14.) Associates charged $225-275 for their time on this case. (Dkt. No. 126-4, Busch Decl. ¶ 14.) The Court finds that these hourly rates are reasonable. *See, e.g.*, *Goldberg*, 2011 WL 3515899, at *7 (finding $550 an hour to be reasonable in 2009 for a copyright infringement case).

> **2. Mr. Pettibone largely meets his burden to show the reasonableness of attorneys' fees.**

After reviewing King and Ballow's billing records, the Court finds the majority of fees incurred to be reasonable. Mr. Busch kept a "daily log of the hours worked in six-minute increments divided by client and matter number and including a description of the work performed." (Dkt. No. 126-4, Busch Decl. ¶ 23.) Plaintiff objected to King and Ballow's motion because they failed to identify seven of their attorneys and their respective credentials. (Dkt. No. 137 ¶ 16.) Mr. Pettibone's counsel rectified this problem in his reply papers. (*See* Dkt. No. 136-1, Busch Decl. ¶ 16.) The Court has reviewed these and finds that the fees incurred on the whole were necessary for the litigation. The Court has identified five areas with which a fee reduction is appropriate.

> **a. Clerical Work Reduction**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV-12-05967-BRO-(CWx) | Date | April 28, 2014 |
|----------|------------------------|------|----------------|
| Title | VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al. | | |

First, the Court finds some fees billed by counsel to be "clerical" in nature. As such the Court will reduce the award for King and Ballow attorneys by 21.3 associate hours.[34]

### b. Motion to Dismiss

Second, King and Ballow billed 95.2 hours to compile the motion to dismiss. The Court finds that some of the fees incurred by the partners in compiling the motion were unnecessary. (Dkt. No. 131, Vosylius Decl. ¶ 56.) After reviewing billing records, the court finds 77.2 hours to be a more reasonable figure. (Dkt. No. 126-5 at 71-76.)

---

[34] The following tasks in the billing records for King and Ballow reflect clerical tasks. Because King and Ballow does not designate the exact amount of time spent for each task in its billing records, the Court estimated a reasonable figure. The Court reduces King and Ballow's fees for the following tasks: On October 8, 2012, JRR "created cds of songs" for 1 hour at $225; On October 9, 2012, JRR "prepare[d] all documents for filing" for 1 hour at $225; On March 13, 2013, APC "prepare[d] exhibits . . . . CDs containing song files" for .5 hours at $225; On March 14, 2013 APC "[p]repare[d] word doc of lawsuit 'players'" for 1 hour at $225; On March 19, 2013, APC "[p]repare[d] exhibits" and "[c]reate[d] binders of deposition outlines and exhibits" for 6.5 hours at $225; On April 11, 2013, APC "[p]repare[d] deposition binder and exhibits for deposition of Curt Frasca" for 2 hours at $225; On April 17, 2013, APC "[p]repare[d] exhibits for Curt Frasca deposition" for 1.5 hours at $225; On May 6, 2013, APC "[p]repare[d] sound file CD exhibits to be filed with Motion for Summary Judgment" for 2 hours at $225; On May 9, 2013 JRR "assemble[d] exhibits thereto" and "finalized[d] and prepare[d]" for filing for 1 hour at $225; On May 17, 2013, JRR "[p]repare[d] exhibits" for .3 hours at $225; On May 22, 2013, APC "[p]repare[d] exhibits to be attached to Declaration of Paul Duvall" for .5 hours at $225; On May 31, 2013, APC "[p]repare[d] Stewart deposition binder and exhibits" for 2.5 hours at $225; On June 3, 2013, JRR "[c]reated list of deadlines and pleadings due" for .4 hours at $225; On June 22, 2013 JRR "download[ed] and forward[ed] documents to RSB and A. Kaplan" for .3 hours at $225; On June 28, 2013, JRR "prepare[d] exhibits" for .3 hours at $225; and On August 21, 2013, SRE "[l]ocate[d] and print[ed] briefs for binder for MSJ hearing" for .5 hours at $235. (Dkt. No. 126-5, Ex. 9.) The Court finds that the above tasks are "clerical" in nature. *See Nadarajah*, 569 F.3d at 921 (identifying tasks such as mailing, obtaining transcripts, researching filing procedures, time spent recording worked and collecting documents as examples of clerical work which should be charged at a reduced rate). "[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989). The Court therefore subtracts .5 hours at a rate of $235 and 20.8 hours at $225 from the fee award for an overall deduction of $4,797.50.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV-12-05967-BRO-(CWx) | Date | April 28, 2014 |
|---|---|---|---|
| Title | VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al. | | |

Accordingly, the Court reduces the requested fee by 10 partner hours billed at $375 and 8 partner hours billed at $320.[35]  Therefore, the Court reduces the award by $6,310.

### c.  Leave to Amend Reduction

Third, similar to the fees awarded to the Proskauer Clients, the Court finds that some of the fees incurred in opposition to the motion for leave to amend were unnecessary.  For the same reasons described above, the Court will only award King and Ballow half of the 65.4 hours desired for the motion for leave to amend. Accordingly, the Court will only award half of the requested $17,632.50.[36]

### d.  Motion for Summary Judgment Reduction

Fourth, King and Ballow billed 122 partner hours and 374.9 associate hours to compile the motion for summary judgment. (Dkt. No. 131, Vosylius Decl. ¶ 58.) After reviewing billing records, the Court finds it necessary to reduce this figure to 100 partner hours and 300 associate hours.[37]

### e.  Motion for Attorneys' Fees Reduction

Fifth, King and Ballow billed 50.4 partner hours and 138.3 associate hours compiling Mr. Pettibone's Motion for Attorneys' Fees, responding to objections, reviewing the opposition, and compiling a reply. (Dkt. No. 136-1, Busch Decl. ¶¶ 42-43.)

---

[35] Mr. Busch billed 22.4 hours at $375 an hour for the motion to dismiss, and Mr. Duvall billed 13.4 hours at $320 an hour for the motion to dismiss. (Dkt. No. 126-5 at 71-76.)

[36] Mr. Pettibone's opposition to the motion for leave to amend required 65.4 hours in total with: 35.4 hours billed at $320 an hour; 3.3 hours billed at $90 an hour; and 26.7 hours billed at $225 an hour. (*See* Dkt. No. 131, Vosylius Decl. ¶ 60.) The total fees for the 65.4 hours of work are $17,632.50. Mr. Pettibone's requested fees are then reduced in half resulting in an award of $8,816.25.

[37] Mr. Busch billed 78.7 hours at $375, which the Court reduces to 56.7 hours. (Dkt. No. 131, Vosylius Decl. ¶ 58.) Additionally, three associates expended 282 hours at $225, which the Court reduces to 208 hours. (Dkt. No. 131, Vosylius Decl. ¶ 58.)

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV-12-05967-BRO-(CWx) | Date | April 28, 2014 |
|---|---|---|---|
| Title | VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al. | | |

After reviewing the billing records, the Court finds it appropriate to reduce the number of partner hours to 25.9 and the number of associate hours to 35.4.[38]

In sum, the Court makes the following reductions to King and Ballow's award:

| King and Ballow Final Fees | |
|---|---|
| Requested Fee Total | $362,371.50 |
| Clerical Work Reduction | -$4,797.50 |
| Motion to Dismiss Reduction | -$6,310 |
| Leave to Amend Reduction | -$8,816.25 |
| Motion for Summary Judgment Reduction | -$24,900 |
| Motion for Attorneys' Fees Reduction | -$32,571.5 |
| Total | $284,976.25 |

In total, the Court awards $284,976.25 of King and Ballow's requested attorneys' fees. Given that King and Ballow represented two clients and did the majority of work in defense of the seven defendants, the Court finds that this amount to be reasonable. *See Maljack*, 81 F.3d at 890 (affirming district court's award of $162,175.04 after granting

---

[38] Mr. Busch spent a combined 22.8 hours at $375 an hour on the Motion for Attorneys' Fees, objections, and reply. (Dkt. No. 136-1, Busch Decl. ¶¶ 42-43.)  Mr. Duvall spent 27.6 hours at $320 an hour on the Motion for Attorneys' Fees. (Dkt. No. 136-1, Busch Decl. ¶ 42.) The Court reduces Mr. Busch's hours to 12.8 and Mr. Duvall's hours to 13.1. Sara R. Ellis ("Ms. Ellis") spent a combined 137.4 at $235 an hour on the Motion for Attorneys' Fees, objections, and reply, which the Court reduces by 102.9 hours. The Court will not reduce the .5 hours spent by April White at $110 or the .9 hours spent by Robert Crump at $225 an hour. (Dkt. No. 136-1, Busch Decl. ¶¶ 42-43.)

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV-12-05967-BRO-(CWx)** | | Date | April 28, 2014 |
|---|---|---|---|---|
| Title | **VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al.** | | | |

summary judgment); *see also Wild v. NBC Universal, Inc.*, No. CV 10-3615, at *6 (C.D. Cal. July 18, 2011) (awarding Defendants $112,590.80 in attorneys' fees after granting a motion to dismiss because the works lacked in substantial similarity).

### B. Law Offices of Peter J. Anderson

Peter J. Anderson ("Mr. Anderson") represented Warner Bros Records and Warner Music Group Corp (collectively "WBR") in this litigation. (Dkt. No. 127.) WBR was not named in the litigation until immediately before the motion for summary judgment was argued. As such, its fees are disproportionately smaller. After reviewing Mr. Anderson's records, the Court finds both the amount charged and the number of hours to be reasonable.

First, the Court finds the fee to be reasonable. Mr. Anderson charged $330 an hour. (Dkt. No. 127-1, Anderson Decl. ¶ 5.) As detailed in the previous section, the Court finds that Mr. Anderson's rates fell well within the range of rates charged by similarly situated attorneys in the Los Angeles area. *See* Section IV(A)(1).

Second, the Court finds that Mr. Anderson and WBR worked to limit the number of fees incurred to avoid unnecessary billing. For example, WBR seeks fees incurred after Plaintiff obtained leave on July 11, 2013 to file a FAC. (Dkt. No. 127-1, Anderson Decl. ¶ 12.) WBR is not seeking an award of fees for those expenses incurred before being named as Defendants, though they were involved in the discovery process. (Dkt. No. 127-1, Anderson Decl. ¶ 7.) Mr. Anderson expended only 78.8 hours in defending WBR, for which services his firm charged WBR $26,004. (Dkt. No. 139 ¶¶ 1-3.) Additionally, Mr. Anderson expended 12.7 hours compiling WBR's joinder in the Motion for Attorneys' Fees and a reply. (Dkt. No. 139 ¶ 3.) In total, WBR seeks $30,195 in attorneys' fees. (Dkt. No. 139 ¶¶ 1-3.) The Court finds these fees to be fair and reasonable. *See Crescent*, 246 F.3d at 151 ("But the emphasis on ascertaining a 'reasonable' fee also suggests the absence of a penalty beyond the punitive or deterrent policies taken into consideration in the decision to award fees in the first instance.") (citation omitted). Accordingly, the Court awards Mr. Anderson $30,195 in attorneys' fees.

### V. Costs

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV-12-05967-BRO-(CWx)** | Date | April 28, 2014 |
|---|---|---|---|
| Title | **VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al.** | | |

Section 505 allows the Court in its discretion to award "full costs." 17 U.S.C. §505; *see also Maljack*, 81 F.3d at 889.  Defendants seek $161,105.26 in nontaxable costs. (Dkt. No. 126-4, Busch Decl. ¶ 27.) While the Court finds that Defendants are entitled to expert witness fees, they have not met their burden to show the reasonableness of fees for a transactional attorney.

## A. Expert Witness Fees

The Court grants Defendants costs in the amount of $50,055.00 in expert witness fees and costs. (Dkt. No. 136-1, Busch Decl. ¶ 38.) Defendants engaged three expert witnesses: Jason King (apportionment), Dr. Gage Averill (musicologist), and Paul Geluso (waveform testing). (Dkt. No. 126-4, Busch Decl. ¶ 26.) The Court finds this amount to be reasonable. Defendants were entitled to employ experts in preparation for a possible trial. *See Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005) (holding that district courts may award otherwise non-taxable costs such as expert witness fees).

## B. Mark Levinsohn Reduction

Mr. Pettibone also seeks costs for the participation of his long time "entertainment and transactional counsel," Mark Levinsohn. (Dkt. No. 126-2, Pettibone Decl. ¶ 13.) Mr. Levinsohn billed at a rate of $500 an hour and incurred $92,450 in charges. (Dkt. No. 126-2, Pettibone Decl. ¶ 13.) Mr. Pettibone seeks recovery of these expenses as a part of costs; however, he does not meet his burden to show that Mr. Levinsohn's fees were reasonable.

Upon review of Mr. Levinsohn's declaration[39] and his billing records, the Court finds the services provided to be duplicative of work completed by other attorneys. Mr. Levisohn declared that he reviewed and edited Mr. Pettibone's Motions, the Plaintiff's Interrogatories, and Requests for Production. (Dkt. No. 136-4, Levinsohn Decl. ¶ 7.) Mr. Levinsohn and Mr. Pettibone do not explain why Mr. Levinsohn's extra efforts were

---

[39] Mr. Levinsohn's billing records were somewhat vague. The Court evaluated Mr. Levinsohn's declaration to discern the substance of his tasks on the case.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV-12-05967-BRO-(CWx)** | Date | April 28, 2014 |
|---|---|---|---|
| Title | **VMG SALSOUL, LLC v. MADONNA LOUISE CICCONE et al.** | | |

needed aside from the fact that he garnered Mr. Pettibone's utmost trust. [40] (Dkt. No. 126-2, Pettibone Decl. ¶ 13.) Based on Mr. Levinsohn's declaration, the Court finds supplemental briefing or a hearing would not be helpful in determining the amount of fees owed because none of the substantive tasks described, and completed by other attorneys, were necessary to this litigation. *See Disney Enterprises, Inc. v. Stephen Slesinger, Inc.*, 499 F. App'x 707, 708 (9th Cir. 2012) (affirming district court's decision to deny fees though it did not hold a hearing on the issue of attorneys' fees because the court determined that the attorneys were not substantively entitled to a fee award); *contra The Traditional Cat Ass'n v. Gilbreath*, 340 F.3d 829, 834 (9th Cir. 2003) (concluding that defendants were substantively entitled to fees before it denied the fee application for want of documentation). Mr. Pettibone has failed to establish that he is entitled to recover Mr. Levinsohn's fees and therefore the Court will not include his fees in Defendants' award for costs. *See ExperExchange*, 2010 WL 1881484, at *9 ("Under some circumstances, courts have reduced fees where more than one attorney attends a deposition." (quoting *Farris v. Cox,* 508 F. Supp. 222, 226 (N.D. Cal. 1981))).

**VI. Conclusion**

     For the foregoing reasons, the Court awards $670.117.25 in attorneys' fees and $50,055.00 in costs.

     **IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |

---

[40] Defendants did not meet their burden to show the necessity of Mr. Levinsohn's fees. Additionally, Plaintiff urged that Mr. Levinsohn never made an appearance in this case and thus his fees should not be awarded; however, this point was not persuasive to the Court. The Supreme Court has instructed that an attorneys' fee "refer[s] to a reasonable fee for the work product of an attorney," whether or not the work was "performed personally by members of the bar." *Missouri*, 491 U.S. at 285.